## No. 25934

## The People of the State of Colorado v. James D. Ausley
(523 P.2d 460)

Decided June 24, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Allen Hawke, Deputy, for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

The defendant, James D. Ausley, appeals from a conviction of the felony charge of procuring more than $50 in food or accommodations with the intent to defraud. Defendant asserts that the statute is unconstitutional for three reasons. We find no merit in the arguments and therefore affirm the conviction.

I.

The defendant first argues that the statute under which he was convicted is unconstitutional because it denied to him equal protection of the laws. We do not agree.

The General Assembly has fixed the felony-misdemeanor dividing line at $100 for many crimes. For example, thefts of over $100 are a felony and a misdemeanor if under $100. 1967 Perm. Supp., C.R.S. 1963, 40-5-2(2)(a).

However, the dividing line between felonies and misdemeanors is $50 for procuring food or accommodations with the intent to defraud. 1965 Perm. Supp., C.R.S. 1963, 68-1-1 provides:

"Any person who, with intent to defraud, procures food or accommodations in any public establishment, as defined in this article, without making payment therefor in accordance with his agreement with such public establishment, shall be guilty of a misdemeanor if the total amount due under such agreement shall be fifty dollars or less, and, upon conviction thereof, shall be punished by a fine of not more than five hundred dollars or by imprisonment in the county jail for not more than ninety days, or by both such fine and imprisonment; and, if the amount due under such agreement shall be more than fifty dollars, such person shall be guilty of a felony, and upon conviction thereof, shall be punished by imprisonment in the state penitentiary for a term of not less than one nor more than ten years."

The defendant argues there is no rational reason for convicting him of a felony for defrauding an innkeeper of $54 whereas he would have been convicted of only a misdemeanor had he taken $54 worth of groceries from a store without paying for them.

We have repeatedly held that a statute is presumed to be constitutional, and the one attacking its validity has the burden of establishing its unconstitutionality beyond a reasonable doubt. *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972) and *People v. Small,* 177 Colo. 118, 493 P.2d 15 (1972). We have further held that "if any state of facts can reasonably be conceived that will justify the classification, the existence of these facts will be assumed by the courts in order to uphold the legislation." *People v. McKenzie,* 169 Colo. 521, 458 P.2d 232 (1969).

■ In upholding the classification, the trial court stated that the dividing line was set at $50 because the usual motel bill for one night is under $50. The legislature may have deemed the crime more serious if more than $50 was defrauded, since such a bill generally would involve more than one night of food or accommodation, and thus, would involve a series of offenses extending over a period of more than one day. We hold that this is a rational reason for the difference in treatment. *People v. McKenzie, supra.*

II.

■ The defendant next argues that the statute is unconstitutional because it makes failure to pay a contractual debt a crime in violation of *Colo. Const. Art.* II, Sec. 12.

The defendant argues that the prosecution would only have to introduce evidence that the defendant was indebted to the innkeeper, that the bill was not paid, and then rest. The intent to defraud would then be inferred from the non-payment of debt.

In *People v. Vinnola,* 177 Colo. 405, 494 P.2d 826 (1972), relied heavily upon by the defendant, we held the short check statute unconstitutional because that statute lacked fraudulent intent as an element. The statute in *Vinnola* is clearly distinguishable from the statute involved in this case. Here, the statute specifically requires the intent to defraud. Such an intent could not be inferred solely from the naked fact of non-payment as argued by the defendant.

III.

■ The defendant asserts that the statute denies equal protection because it makes the prosecution of the crime dependent upon the willingness of the innkeeper to accept late payment.

In *People v. Vinnola, supra,* the statute involved specifically provided that it would be a complete defense if the amount of the check was tendered within fifteen days after dishonor. We held that this provision unconstitutionally gives a third person control over whether or not a bad check passer is convicted. The holder of the check could say he would not

file a complaint if he received his money within fifteen days. The statute in the instant case contains no such provision.

Judgment affirmed.

MR. JUSTICE DAY dissents.

MR. JUSTICE ERICKSON does not participate.