## No. 26981

### The People of the State of Colorado v. Floyd Marshall Hulse

(557 P.2d 1205)

Decided December 27, 1976.

---

[2] Now section 30-10-506, C.R.S. 1973.

Stuart A. VanMeveren, District Attorney, Donald E. Johnson, Jr., Deputy, for plaintiff-appellant.

Keller & Dunievitz, Alex Stephen Keller, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal by the district attorney from a decision of the Larimer County District Court granting defendant's motion to dismiss. The defendant was charged in a two-count information with vehicular homicide, a felony, and criminally negligent homicide, a misdemeanor. The district court dismissed the felony count, basing its ruling on our decision in

*People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975). We find *Calvaresi* not applicable and, therefore, we reverse the judgment of the district court.

The trial court grounded its ruling on a finding that the statute defining the crime of vehicular homicide was indistinguishable from the statute defining criminally negligent homicide.

The statute dealing with vehicular homicide provided that one commits that crime when he:

"Operates or drives a vehicle in a reckless manner . . . and such conduct is the proximate cause of the death of another. . . ." 1971 Perm. Supp., C.R.S. 1963, 40-3-106[1]

The criminal negligent homicide statute provides that:

"A person commits the crime of criminally negligent homicide if he causes the death of another person:

(a) By conduct amounting to criminal negligence." 1971 Perm. Supp., C.R.S. 1963, 40-3-105[2]

■ As the trial court pointed out, we held in *Calvaresi, supra*, that the standard of care described in the manslaughter statute[3] defining a felony and the criminal negligence statute here involved was not sufficiently apparent to be intelligently and uniformly applied. We there held that the manslaughter statute which defined a felony was unconstitutional on the fundamental principle that wherever two or more statutes provide different punishments for exactly the same criminal conduct, equal protection is violated. *People v. McKenzie*, 169 Colo. 521, 458 P.2d 232 (1969); *Trueblood v. Tinsley*, 148 Colo. 503, 366 P.2d 655 (1961).

■ However, it is only where the *same* criminal conduct is proscribed in both statutes that the equal protection principle arises. In the statutes we compare today, there is a crucial difference in that the vehicular homicide statute requires for conviction that the prosecution prove the additional element of a death caused *through the use of a motor vehicle*. *Calvaresi*, therefore, clearly is not controlling. There, we held that the statutory language defining the crime was indistinguishable in the two statutes. Here, the distinction is that unless death is the result of the use of a motor vehicle, there can be no prosecution for vehicular homicide.

The defendant contends that even if the element of a motor vehicle distinguishes vehicular homicide from criminally negligent homicide, the distiction is insignificant. Not so.

■ The legislature certainly has the power to create and define crime, subject only to the limitations of the constitution. *People ex rel Terrell v. District Court*, 164 Colo. 437, 435 P.2d 763 (1967). Among

---

[1] Now section 18-3-106, C.R.S. 1973.
[2] Now section 18-3-105, C.R.S. 1973.
[3] 1971 Perm. Supp. C.R.S. 1963, 40-3-104.

those constitutional limitations are the requirements that the enactment not be arbitrary or unreasonable in its classification and that there be a reasonable relationship to the public purpose to be achieved. *People v. Calvaresi, supra.*

■ We cannot say that the legislature's decision to provide a more severe penalty for vehicular homicide than for criminal negligent homicide is arbitrary or unreasonable. The state has a legitimate interest in discouraging a specific evil which it believes to be of greater societal consequence. This choice does not offend equal protection.

■ Nor does the fact that the district attorney, under this statutory scheme, may exercise prosecutorial discretion as to the statute under which he wishes to prosecute, violate the tenets of equal protection. *People v. Fowler*, 183 Colo. 300, 516 P.2d 428 (1973); *People v. James*, 178 Colo. 401, 497 P.2d 1256 (1972).

The order of the district court is reversed and the cause is remanded with directions to reinstate the charge of vehicular homicide.