## No. 27145
## No. 27171
## No. 27172

**The People of the State of Colorado v. Walter S. Czajkowski, Thomas Sandoval, and Brady Lee Curry**

(568 P.2d 23)

Decided July 11, 1977.                     Rehearing denied September 6, 1977.

---

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Carol L. Gerstl, Deputy, for defendants-appellees.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, for intervenors.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

These are three separate appeals by the defendants. They were consolidated before any briefs were filed. By separate information, each defendant was charged with theft of auto parts under section 42-5-104, C.R.S. 1973. One defendant was charged with taking a tire and wheel from a car; the second defendant with removing a car battery and battery cable; and the third defendant with removing and taking four wheels and tires. In each case the charge was dismissed by reason of the district court's ruling that the statute is unconstitutional. The first dismissal was entered by Judge Greene on January 30, 1976, and the other two by Judge Kelley a little over a month later. The district attorney appealed the ruling and the Attorney General intervened to argue that the statute is constitutional. We reverse.

Section 104 provides in part:

"Any person who willfully and feloniously removes, detaches, or takes from an automobile which is the property of another any part . . . contained on, or forming a part thereof, of a total or combined value of twenty dollars or more . . . is guilty of a felony and, upon conviction thereof, shall be punished by a fine of not more than one thousand dollars or by imprisonment in the state penitentiary for not less than one year nor more than ten years."

In making his ruling, Judge Greene stated:

"It is the defendant's contention that the prohibitive conduct under C.R.S. 1973, 42-5-104, Theft of Automobile Parts, and the General Theft Statute, C.R.S. 1973, 18-4-401, is essentially the same, *i.e.*, unauthorized deprivation of personal property. This Court believes that these two statutes, when held to the same scrutiny, do, indeed, proscribe the same basic conduct.

"This Court acknowledges that it has heretofore been determined to be a valid exercise of legislative power for the legislature to enact special categoric legislation when deemed necessary to promote the general welfare of the public. *People v. McKenzie*, 169 Colo. 521, 458 P.2d 232 (1969). Therefore, when the above two statutes were first enacted, the special category of Theft of Automobile Parts was properly extracted from the General Theft Statute. However, with the ever-changing socio-economic conditions which affect our free enterprise system, criminal laws such as the Theft Statutes must be regularly reviewed to analyze their adaptability to the changing times. One must, therefore, examine the legislative history of the statutes, evaluate their respective elements, and see if the passing and wear of time has appreciably altered the efficiency and reasonableness thereof.

"The legislature has over the years reviewed the General Theft Statute and has modified and amended the same to conform more closely with the general inflationary times now being experienced. As a consequence, the value threshold between a felony and a misdemeanor has been expanded to the point of $200.00 (C.R.S. 1973, 18-4-401), whereas, $20.00 was appropriate at the turn of the century to make the theft of personal property a felony (R.S. of Colo. 1908, Sec. 1678; C.L. 1921, Sec. 6719). Present times dictated that the legislature increase the value threshold ten times $20.00, or $200.00, before the crime of theft can be classified as a felony.

"In regards to the theft of automobile parts in 1921, the value threshold between a felony and a misdemeanor was $20.00 (C.L. 1921, Sec. 1369). This value threshold of $20.00 has remained unchanged for over fifty years (C.R.S. 1973, 42-5-104).

"The value threshold for the theft of automobile parts is so disproportionate to the General Theft Statute as to render its literal enforcement as absurd and does indeed deprive the defendant of equal protection of the laws. *Taylor v. State*, 377 P.2d 508 (Okla. Cr. 1962). The passage of time has now made this $20.00 value threshold unreasonable, arbitrary, and capricious by today's standards, and, therefore, this Court must declare C.R.S. 1973, 42-5-104, Theft of Automobile Parts, unconstitutional in its present form. Considering the changes in automobile travel, mass production of automobile parts, ready availability of such parts, the multitude and availability of service stations and mechanics — many operating 24 hours a day — one would be hard pressed to find a good reason extant in our society to justify this special legislation apart from the General Theft Statute which the legislature deemed appropriate a half century ago.

". . . [The statute] offends the equal protection and due process clause of the Fifth and Fourteenth amendments of the United States Constitution and Article II, Sec. 6 and 25 of the Colorado Constitution."

We note initially that, while section 104 has not been amended, it has not been overlooked by the General Assembly. This section's counterpart is section 42-5-103, C.R.S. 1973, making the theft of auto parts having a value of less than $20 a misdemeanor. In 1963 the General Assembly amended section 103, retaining the line of demarkation between felonies and misdemeanors at $20. Further, companion section 102 (buying and selling stolen auto parts) was amended in 1963 and again in 1976. In 1976 there were amendments to counterpart sections 106 (duty of dealer to examine engine or motor number of every automobile bought, taken in trade, repaired or stored), 107 (seizure by officers of autos whose engine number has been altered), and 109 (report of motor vehicle stored or parked more than 30 days). In the light of the foregoing, the legislature obviously intended not to change section 104.

The general theft statute gives this definition:

"A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization or by threat or deception. . . ."

In addition to the felony theft statute mentioned by the trial court, there are two other laws relating to lesser degrees of theft. One is a class 2 misdemeanor and relates to property having a value of $50 or more and less than $200. The other is a class 1 petty offense and relates to property of a value of less than $50. Subsections 18-4-401(3) and (3.1), C.R.S. 1973 (1976 Supp.).

The trial judge in his quoted remarks indicates rather strongly that section 104 is inequitable. The key question, however, is whether it makes a valid classification of theft of auto parts, as distinct from general theft. We think it does and that its unconstitutionality has not been demonstrated beyond a reasonable doubt.

It is only where the same conduct is proscribed in two statutes, and different criminal sanctions apply, that problems arise under the equal protection and due process clauses. *People v. Hulse*, 192 Colo. 302, 557 P.2d 1205 (1976); and *People v. Arellano*, 185 Colo. 280, 524 P.2d 305 (1974). Here, the legislature did not proscribe the same conduct in the two statutes, the difference being that section 104 requires that the thing stolen be a part of, or contained in, an automobile. There is no such requirement under the general theft statute. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Simply because an act may violate more than one statutory provision does not invalidate the legislation in question, so long as the legislative classification is not arbitrary or unreasonable, and the differences in the provisions bear a reasonable relationship to the persons included and the public policy to be achieved. *See People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975); *People v. Trujillo*, 178 Colo. 147, 497 P.2d 1 (1972).

This court cannot hold that the General Assembly has constitutionally erred in providing more severe penalties for an act which it believes to be of greater social consequence. *See People v. James*, 178 Colo. 401, 497 P.2d 1256 (1972); and *Godfrey, Jr. v. People*, 168 Colo. 299, 451 P.2d 291 (1969). When the legislature concludes that certain factual situations justify the harsher penalty for automobile parts theft, the classification does not of itself violate equal protection of the laws. *People v. Ausley*, 185 Colo. 256, 523 P.2d 460 (1974); *People v. McKenzie*, 169 Colo. 521, 458 P.2d 232 (1969). The constitution does not demand symmetry of punishment where valid classifications, based on varieties of evil, exist. *See Patsone v. Pennsylvania*, 232 U.S. 138, 34 S.Ct. 281, 58 L. Ed. 539 (1914). The General Assembly's concept has not been shown to reach the height — or depth — of unconstitutionality.

The contention of the defendants that the discretion given to a district attorney to prosecute under either statute violates constitutional strictures is without merit. *People v. Hulse, supra*; *People v. Trigg*, 184 Colo. 78, 518 P.2d 841 (1974); *People v. Fowler*, 183 Colo. 300, 516 P.2d 428 (1973); and *People v. James*, 178 Colo. 401, 497 P.2d 1256 (1972).

The judgments are reversed and the causes remanded with directions to reinstate the charges under section 104.

MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN dissent.