## No. 27504

## The People of the State of Colorado v. Danny Rue Sexton

(571 P.2d 1098)

Decided November 15, 1977.                    Rehearing denied December 12, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Assistant, James E. Thompson, Assistant, for plaintiff-appellee.

Don L. Nelson, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant was convicted in the District Court of Larimer County of two counts of vehicular homicide (section 18-3-106, C.R.S. 1973)[1] and two counts of vehicular assault (section 18-3-205, C.R.S. 1973).[2] The judgment was affirmed by this court in *People v. Sexton*, 192 Colo. 81, 555 P.2d 1151.

Within 120 days after the affirmance of the judgment, defendant filed a motion under Crim. P. 35 to set aside the conviction, or vacate, or correct his sentence. Defendant now seeks reversal of the district court's denial of that motion. We affirm.

■ In support of his motion for postconviction relief, the defendant argued that the case of *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316, required that his conviction be vacated or, in the alternative, at most, that he be resentenced under the lesser misdemeanor offense of criminally negligent homicide (section 18-3-105, C.R.S. 1973). He also urged that the vehicular felony assault convictions be set aside for the reason that the statute was unconstitutional as denying equal protection of the law. He argued that the punishment for causing a "serious bodily injury" under the vehicular assault statute is more severe than that which can be imposed under the criminally negligent homicide statute where the "death of another" is involved. The district court was not persuaded by either argument, and accordingly denied his motion.

Shortly after defendant's motion for postconviction relief was denied, this court decided *People v. Hulse*, 192 Colo. 302, 557 P.2d 1205. In *Hulse*, defendant was charged with vehicular homicide and criminally negligent homicide. The trial court granted defendant's motion to dismiss the felony count of vehicular homicide under the rule of *Calvaresi*, which holds that where conduct proscribed under two statutes is indistinguishable, the legislature may not constitutionally impose different degrees of punishment. This court reversed the dismissal, holding:

"However, it is only where the *same* criminal conduct is proscribed in both statutes that the equal protection principle arises. In the statutes we compare today, there is a crucial difference in that the vehicular homicide statute requires for conviction that the prosecution prove the additional element of a death caused *through the use of a motor vehicle. Calvaresi*, therefore clearly is not controlling. There, we held that the statutory language defining the crime was indistinguishable in the two statutes. Here, the distinction is that unless death is the result of the use of a motor vehicle, there can be no prosecution for vehicular homicide." *People v. Hulse, supra.*

---

[1]Now section 18-3-106, C.R.S. 1973 (1976 Supp.).
[2]Now section 18-3-205, C.R.S. 1973 (1976 Supp.).

In *Hulse*, this court also noted that it was the legislature's province to create and define crimes and to provide penalties therefor, subject to the constitutional limitations that a criminal statute shall be neither arbitrary nor unreasonable in its classification or in its penal provisions, and that there be a reasonable relationship to the public purpose to be achieved. *Hulse* is dispositive of the case now under consideration.

Counsel for defendant admits *Hulse* is controlling insofar as his equal protection argument is concerned. But, for the first time in this case, he raises on appeal an additional ground of unconstitutionality — that of vagueness. In general terms, he contends the statutes under consideration, because of vagueness, deny due process of law and substantial justice. Nowhere does he articulate the reasons for this contention. Aside from his failure to raise this issue in the court below, we find his naked assertions of unconstitutionality to be without merit.

The judgment is affirmed.