## No. 27829

## The People of the State of Colorado v. Richard Leon Johnson
(578 P.2d 226)

Decided May 8, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Karen Hoffman Seymour, Assistant, for plaintiff-appellee.

David D. Belina, for defendant-appellant.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The appellant was convicted of two counts of pimping, in violation of section 18-7-206, C.R.S. 1973. On appeal, he asserts that the trial court erred in refusing to grant him a postconviction evidentiary hearing pursuant to Crim. P. 35. He also challenges the constitutionality of the pimping statute. We affirm the judgment.

## I. *Denial of Evidentiary Hearing.*

Subsequent to his conviction, the appellant filed a motion pursuant to Crim. P. 35(b)(1)(II),[1] alleging that the pimping statute is unconstitutional. The trial court refused to grant an evidentiary hearing and rejected the appellant's claims of unconstitutionality. The appellant argues that the trial court erred in ruling on his motion without allowing an evidentiary hearing. We do not agree.

Crim. P. 35(b)(2) provides in part as follows:
*"Unless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief,* the

---

[1] Rule 35(b) provides in pertinent part:
"(b) *Postconviction Remedy.*
"(1) Notwithstanding the fact that no review of a conviction of crime was sought by appeal within the time prescribed therefor, or that a judgment of conviction was affirmed upon appeal, every person convicted of a crime is entitled as a matter of right to make application for postconviction review. An application for postconviction review must, in good faith, allege one or more of the following grounds to justify a hearing thereon:
. . . .

"(II) That the applicant was convicted under a statute that is in violation of the constitution of the United States or the constitution of this state, or that the conduct for which the applicant was prosecuted is constitutionally protected . . ."

court shall cause a copy of said motion to be served on the prosecuting attorney, grant a prompt hearing thereon, and take whatever evidence is necessary for the disposition of the motion." (Emphasis added.)

In this case, the appellant's motion attacked the statute as facially unconstitutional, relying primarily on the rulings of another district court judge who had so held.[2] The motion did not assert that any particular facts rendered the statute unconstitutional *as applied* to the appellant. Therefore, only questions of law were presented to the trial court, and there was no need for an evidentiary hearing. *See Hooker v. People,* 173 Colo. 226, 477 P.2d 376 (1970); *DeBaca v. People,* 170 Colo. 415, 462 P.2d 496 (1969). Under the circumstances, there was no error in considering and deciding these legal issues on the basis of the motion papers.

## II. *Constitutionality of Section 18-7-206, C.R.S. 1973.*

■ The appellant next contends that the pimping statute, section 18-7-206, C.R.S. 1973, proscribes the same conduct as paragraph (1)(b) of the pandering statute, section 18-7-203, C.R.S. 1973. Since pimping is punishable as a class five felony, but pandering as defined in paragraph (1)(b) is punishable as a class three misdemeanor,[3] the appellant argues that the pimping statute violates equal protection. We do not agree. Equal protection of the laws is denied when two or more statutes provide different punishments for identical criminal conduct. *E.g., People v. Czajkowski,* 193 Colo. 352, 568 P.2d 23 (1977); *People v. Hulse,* 192 Colo. 302, 557 P.2d 1205 (1976); *People v Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). However, it is only where the *same* criminal conduct is proscribed in both statutes that the equal protection principle becomes applicable. *People v. Hulse, supra.*

■ Here there is a distinct difference between the statutes at issue. The pimping statute is violated by any person "who knowingly lives on or is supported or maintained in whole or in part by money or other thing of value earned, received, procured, or realized by any other person through prostitution . . . ." Section 18-7-206, C.R.S. 1973. Paragraph (1)(b) of the pandering statute, on the other hand, provides that a person commits pandering by "[k]nowingly arranging or offering to arrange a situation in which a person may practice prostitution," in exchange for money or other things of value. Section 18-7-203(1)(b), C.R.S. 1973.

---

[2] We have since reversed those rulings. *People v. Stage,* 195 Colo. 110, 575 P.2d 423 (1978); *People v. Fales,* 195 Colo. 109, 576 P.2d 160 (1978).

[3] Paragraph (1)(a) of the pandering statute, which prohibits "[i]nducing a person by menacing or criminal intimidation to commit prostitution," and is punishable as a class five felony, is not at issue here.

The pandering statute is clearly directed at a specific type of conduct, and is designed to punish persons who act as "brokers" to bring prostitutes together with their customers. Thus, there is an element in pandering, which is not necessarily present in pimping, *i.e.*, the affirmative, knowing action of arranging or offering to arrange an assignation for the practice of prostitution by another. Although pimping and pandering are closely related activities, it is clearly possible for one to be guilty of pimping by living off the proceeds of an act of prostitution without actively arranging the act between prostitute and customer. Conversely, it is conceivable that one could be guilty of pandering by arranging, for pay, meetings for the practice of prostitution, yet be paid from funds other than those earned by prostitution, thus not being guilty of pimping. Therefore, the two crimes are distinguishable, and the general assembly was free to prescribe different punishments for conduct it may have rationally perceived to have different degrees of social reprehensibility. *People v. Hulse, supra.*

Finally, the appellant argues that the pimping statute is unconstitutionally vague and overbroad, infringes on First Amendment rights of association, and punishes mere status rather than conduct. We have recently addressed and rejected these arguments of facial unconstitutionality in *People v. Stage,* 195 Colo. 110, 575 P.2d 423 (1978). That case is dispositive here.

Accordingly, the judgment is affirmed.