No. 27981

## The People of the State of Colorado v. Stephen James Marshall

(586 P.2d 41)

Decided October 23, 1978.

Carroll E. Multz, District Attorney, Douglas A. Colaric, Chief Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, James P. Swanseen, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal by the district attorney from a decision of the District Court of Routt County granting defendant's motion to dismiss a charge of first-degree criminal trespass. The district court based its dismissal of the trespass charge on our decision in *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). We find *Calvaresi* not applicable, and, therefore, we reverse the judgment of the district court.

In *Calvaresi* we held that the distinction between the standard of culpability described in the manslaughter statute, 1971 Perm. Supp., C.R.S. 1963, 40-3-104, a felony, and the standard described in the criminal negligence statute, 1971 Perm. Supp., C.R.S. 1963, 40-3-105, a misdemeanor, was not sufficiently apparent to be intelligently and uniformly applied. We there held that the manslaughter statute was unconstitutional as a violation of equal protection because it provided greater penalties than did the criminal negligence statute for the same conduct which was proscribed by the criminal negligence statute.

In the instant case, the trial judge held that the first-degree criminal trespass statute proscribed exactly the same conduct as is proscribed by both the second and third-degree criminal trespass statutes and was therefore unconstitutional. We do not agree.

First, second, and third-degree criminal trespass are defined as follows:

"First degree criminal trespass. A person commits the crime of first degree criminal trespass if he unlawfully enters or remains in a dwelling or if he enters any motor vehicle with intent to steal anything of value. First degree criminal trespass is a class 5 felony." Section 18-4-502, C.R.S. 1973.[1]

"Second degree criminal trespass. A person commits the crime of second degree criminal trespass if he unlawfully enters or remains in or upon

---

[1] This statute has been amended, effective July 1, 1977, to now require that the actor " . . . *knowingly* and unlawfully enters or remains in a dwelling . . . ." (Emphasis added.) Colo. Sess. Laws 1977, ch. 224, 18-4-502 at 963.

premises which are enclosed in a manner designed to exclude intruders or are fenced. Second degree criminal trespass is a class 3 misdemeanor." Section 18-4-503, C.R.S. 1973.

"Third degree criminal trespass. A person commits the crime of third degree criminal trespass if he unlawfully enters or remains in or upon premises. Third degree criminal trespass is a class 1 petty offense." Section 18-4-504, C.R.S. 1973.

Section 18-1-901(3)(g), C.R.S. 1973, defines "dwelling" as "a building which is used, intended to be used, or usually used by a person for habitation." "Premises" is defined by section 18-4-201(1), C.R.S. 1973, as "any real estate and all improvements erected thereon."

In *People v. Hulse,* 192 Colo. 302, 557 P.2d 1205 (1976), we held that there was a crucial distinction between the vehicular homicide statute and the criminally negligent homicide statute in that the vehicular homicide statute required for conviction that the prosecution prove the additional element of a death caused through the use of a motor vehicle. We find *Hulse* dispositive of the instant case. *Accord, People v. Sexton,* 194 Colo. 250, 571 P.2d 1098 (1977); *People v. Czajkowski,* 193 Colo. 352, 568 P.2d 23 (1977).

In this case the crucial distinction between the first-degree criminal trespass statute and the second and third-degree statutes is that the prosecution must prove the additional element that the property which was unlawfully entered is a *dwelling.* Under the second and third-degree criminal trespass statutes, there is no requirement that the premises entered be a dwelling. *Calvaresi,* therefore, clearly is not controlling. In *Calvaresi* the language defining the two crimes was indistinguishable.

As we stated in *Czajkowski, supra:*

"Simply because an act may violate more than one statutory provision does not invalidate the legislation in question, so long as the legislative classification is not arbitrary or unreasonable, and the differences in the provisions bear a reasonable relationship to the persons included and the public policy to be achieved. [Citations omitted.]" 568 P.2d at 25.

We cannot say that the General Assembly's decision to provide a more severe penalty for first-degree criminal trespass than for second or third-degree criminal trespass is arbitrary or unreasonable. The legislature has a legitimate interest in providing higher penalties for a specific act which it believes to be of greater consequence to society. Where, as here, the legislature has concluded that the unlawful entry into a dwelling justifies a harsher penalty than an unlawful entry onto premises in general, there is no violation of equal protection.

The order of the district court is reversed and the cause is remanded with directions to reinstate the charge of first degree criminal trespass.