## No. 28005

## The People of the State of Colorado v. Thomas Edward Brake

(588 P.2d 869)

Decided January 8, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Steven H. Denman, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant, Thomas Edward Brake, appeals from an order of the district court denying his motion for relief filed pursuant to Crim. P. 35(b). We affirm.

Defendant was convicted of first-degree assault. 1971 Perm. Supp., C.R.S. 1963, 40-3-202(1)(a).[1] The conviction was affirmed on appeal. The defendant then filed a motion to vacate the judgment of conviction and sentence under Crim. P. 35(b). As ground for the motion, he contended that the first-degree assault statute under which he was convicted is unconstitutional because it imposes a greater penalty for essentially the same conduct proscribed by the second-degree assault statute. 1971 Perm. Supp., C.R.S. 1963, 40-3-203(1)(a).[2] Therefore, defendant asserted, his conviction and sentence violated his right to equal protection of the law. He asked that his conviction and sentence for first-degree assault be vacated, that a judgment of conviction of second-degree assault be entered, and that he be sentenced under that statute. Defendant asserts the same argument here on appeal.

The first-degree assault statute under which defendant was convicted provides in pertinent part:

"(1) A person commits the crime of assault in the first degree if:

"(a) With intent to cause serious bodily injury to another person, he causes serious injury to any person by means of *a deadly weapon;* * * *." (Emphasis added.)

The second-degree assault statute under which defendant seeks to be sentenced provides in pertinent part:

"(1) A person commits the crime of assault in the second degree if:

"(a) With intent to cause serious bodily injury to another person, he does cause such injury to any person; * * *."

■  The obvious distinguishing element between section (1)(a) of the first-degree assault statute and section (1)(a) of the second-degree assault statute is the use of "a deadly weapon." *See People v. Bramlett,* 194 Colo. 205, 573 P.2d 94 (1977); *People v. Martinez,* 189 Colo. 408, 540 P.2d 1091 (1975). Defendant contends, however, that there is no meaningful distinction between first- and second-degree assault, and that the only way to commit second-segree assault under the section quoted above is by means of a deadly weapon. Consequently, defendant argues, citing *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975) and *People v. Dominquez,* 193 Colo. 468, 568 P.2d 54 (1977), that the two statutes proscribe identical conduct and therefore violate equal protection.

In support of his argument, defendant notes that a deadly weapon is

---

[1] Now section 18-3-202(1)(a), C.R.S. 1973.
[2] Now section 18-3-203(1)(a), C.R.S. 1973.

defined as anything capable of producing serious bodily injury.[3] Because of the breadth of the definition, linked as it is to the instrumentality's capability to produce serious bodily injury, defendant argues that there is no method by which one can cause serious bodily injury without using a deadly weapon.

Defendant's contention is untenable. There are various ways to cause serious bodily injury to another without the use of a deadly weapon (*e.g.*, pushing someone from a tall building).

The two statutes, thus, do not proscribe identical conduct and therefore do not violate equal protection. Further, we cannot say that the legislature's decision to provide a more severe penalty for causing serious bodily injury by means of a deadly weapon is arbitrary or unreasonable. The legislature has a legitimate interest in discouraging acts which it deems to have greater deleterious social consequences by providing harsher penalties therefor. *People v. Marshall,* 196 Colo. 381, 586 P.2d 41 (1978); *People v. Czajkowski,* 193 Colo. 352, 568 P.2d 23 (1977); *People v. Hulse,* 192 Colo. 302, 557 P.2d 1205 (1976).

Judgment affirmed.

---

[3] 1971 Perm. Supp., C.R.S. 1963, 40-1-1001(3)(e), now section 18-1-901(3)(e), C.R.S. 1973, reads: "'Deadly weapon' means any firearm, knife, bludgeon, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or intended to be used is capable of producing death or serious bodily injury."