The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Gary Paul ENEA, Defendant-Appellant.

No. 81SA190.

Supreme Court of Colorado,
En Banc.

June 27, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Litigation Section, Denver, for plaintiff-appellee.

Dennis W. Hartley, Colorado Springs, for defendant-appellant.

NEIGHBORS, Justice.

The defendant, Gary Paul Enea, appeals his conviction for sexual exploitation of children, section 18–6–403, C.R.S.1973 (1980 Supp. to 1978 Repl.Vol. 8). The defendant challenges the conviction on the ground that the statute is unconstitutionally vague and overbroad. The defendant also claims that social, emotional, or developmental harm to a child is an element of the offense which was neither established by the evidence nor included in the instructions to the jury. We reject his arguments and affirm his conviction.

## I.

The evidence established that in March of 1980 the defendant helped to arrange for the sale of child pornography. The defendant was approached by an underground investigative reporter who was engaged in research for a feature article on adult bookstores in El Paso County. The reporter presented himself as a customer who was interested in obtaining pornographic materials depicting children. The defendant arranged a meeting between the reporter and Raymond Blount, a co-defendant. The defendant allowed the two men to use his storage garage where they completed the sale. He received a commission of approximately $40. The evidence showed that there were several subsequent meetings between the reporter and Blount for similar transactions. These meetings were not arranged by the defendant, although the defendant's place of business was the agreed upon meeting place on two occasions.

The defendant was arrested on May 30, 1980. Prior to trial, he filed a motion to dismiss the charge on the ground that the statute was unconstitutional. The trial court denied the motion. The defendant was convicted of the charge and his motion for a new trial was denied. The trial court found that the defendant's peripheral involvement in the transaction was a mitigating circumstance. The defendant was sentenced to a term of two years at the Department of Corrections.

## II.

The defendant first contends that section 18–6–403, C.R.S.1973 (1980 Supp. to 1978 Repl.Vol. 8), constitutes a denial of due process of law under the United States and Colorado Constitutions [1] because it is unconstitutionally vague. A statute is unconstitutionally vague if persons of common intelligence must guess at its meaning. *People v. Beruman,* 638 P.2d 789 (Colo.1982); *Williams v. City and County of Denver,* 622 P.2d 542 (Colo.1981); *People v. McKnight,* 200 Colo. 486, 617 P.2d 1178 (1980). However, a statute is presumed to be constitutional and one who challenges its constitutionality must prove beyond a reasonable doubt that it is unconstitutional. *People v. Caponey,* 647 P.2d 668 (Colo.1982); *People v. Beruman, supra; Bollier v. People,* 635 P.2d 543 (Colo.1981); *People v. Brown,* 632 P.2d 1025 (Colo.1981). The defendant has raised the vagueness issue, but has failed to articulate any legal or factual basis for his contention. His bald assertion of vagueness does not sustain his burden of proof to overcome the presumption of constitutionality to which the statute is entitled. *People v. Sexton,* 194 Colo. 250, 571 P.2d 1098 (1977). Therefore, his argument is without merit.

## III.

The defendant's principal argument is that section 18–6–403, C.R.S.1973 (1980 Supp. to 1978 Repl.Vol. 8), is overbroad. This argument is based upon the defendant's claims that the statute (1) infringes upon his right to freedom of speech guaranteed by the United States and Colorado Constitutions; [2] (2) prohibits conduct which is not obscene, exploitative or harmful to children; and (3) prescribes punishment without regard to a "sliding scale" of the harm sustained relative to the age of the child.

A statute is impermissibly overbroad if "in its reach it prohibits constitutionally protected conduct." *Grayned v. City of Rockford,* 408 U.S. 104, 114, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222 (1972). *See also City of Lakewood v. Colfax Unlimited Ass'n, Inc.,* 634 P.2d 52 (Colo.1981). The initial question, then, is whether participation in the sale of child pornography is constitutionally protected conduct.

The crux of the defendant's argument is that the pornographic materials in question are protected by the first amendment, and therefore, his participation in the sale of these materials is also protected.

1. *U.S. Const.* amend. XIV, sec. 1; *Colo. Const.* art. II, sec. 25.

2. *U.S. Const.* amend. I; *Colo. Const.* art. II, sec. 10.

We disagree. The United States Supreme Court addressed this issue in *New York v. Ferber,* —— U.S. ——, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982),[3] when it determined that such materials are "without the protection of the First Amendment." —— U.S. at ——, 102 S.Ct. at 3358. The state has a legitimate interest in protecting children from physical and psychological harm. The manufacture, sale, and distribution of photographs and films depicting children involved in sexual activity is intrinsically related to the physical, psychological, and sexual abuse of children. Any interest the defendant may have in profitting, directly or indirectly, from the dissemination of child pornography is substantially outweighed by the compelling state interest in protecting children from such abuse. Thus, child pornography is not material which is protected by the first amendment or article II, section 10 of the Colorado Constitution.

The result reached by the Court in *Ferber* is consistent with earlier decisions in which it approved government action designed to protect children. In *F.C.C. v. Pacifica Foundation,* 438 U.S. 726, 98 S.Ct. 3026, 57 L.Ed.2d 1073 (1978), the Court upheld regulations controlling sexually explicit radio broadcasts, in part because children have ready access to radio. A variable obscenity standard permitting states to ban the sale to minors of materials deemed legally obscene as to children, but not to adults, was adopted in *Ginsberg v. New York,* 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968).

It is clear that the defendant's conduct falls within the prohibitory language of the statute. The defendant does not suggest that the photographs and magazines involved in this case have any serious artistic, literary, political, scientific, or medical value. Therefore, it is unnecessary to reach the overbreadth issue in this case. In *Ferber,* the Supreme Court held the New York statute was not overbroad. Justice Ste-

vens, however, thought it unwise to address the overbreadth issue in a hypothetical case. Justice Stevens stated in his concurring opinion:

"When we follow our traditional practice of adjudicating difficult and novel constitutional questions only in concrete factual situations, the adjudications tend to be crafted with greater wisdom. Hypothetical rulings are inherently treacherous and prone to lead us into unforeseen errors; they are qualitatively less reliable than the products of case-by-case adjudication."

—— U.S. at ——, 102 S.Ct. at 3367. Since the defendant's conduct is not protected and is statutorily prohibited, we decline to consider the overbreadth issue under the facts of this case. Our election not to address the overbreadth issue is consistent with the principle announced in *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). *See Marco Lounge, Inc. v. City of Federal Heights,* 625 P.2d 982 (Colo.1981).

### IV.

■ The defendant's final contention is that social, developmental, or emotional injury to the child or children depicted in the pornographic material is an element of the crime prohibited by section 18–6–403, C.R.S. 1973 (1980 Supp. to 1978 Repl.Vol. 8). We disagree.

The pertinent provisions of the statute provided:

"(1) The general assembly hereby finds and declares: That the commercial sexual exploitation of children constitutes a wrongful invasion of the child's right of privacy and results in social, developmental, and emotional injury to the child; that a child below the age of eighteen years is incapable of giving informed consent to the use of his or her body for a commercial purpose; and that to protect

---

**3.** In *New York v. Ferber,* the United States Supreme Court upheld the constitutionality of the New York child pornography statute under similar attack. There the Court held that the child pornography materials were not protected by the first amendment and the failure of the statute to limit its scope to obscene materials did not render it constitutionally infirm. The Court further held that the statute was not overbroad. It ruled that because there was no substantial overbreadth and because the defendant was admittedly dealing in prohibitable pornography, his argument that the statute was facially invalid must fail.

children from commercial sexual exploitation it is necessary to prohibit the production for trade or commerce of material which involves or is derived from such exploitation and to exclude all such material from the channels of trade and commerce.

. . . .

"(3) A person commits sexual exploitation of a child if, for any commercial purpose, he knowingly:

(a) Causes or permits a child to engage in, or be used for, any explicit sexual conduct; or

(b) Prepares, arranges for, publishes, produces, promotes, makes, sells, finances, offers, exhibits, advertises, deals in, possesses, or distributes any sexually exploitative material."

It is clear from reading the statute that paragraph (1) is a statement of legislative purpose. The prefatory language does not alter the elements of the crime, which are set forth in paragraph (3). The defendant's argument that his conviction must be reversed because the prosecution failed to prove harm to a child and the trial court failed to properly instruct the jury as to such harm is illusory. Such proof is not required by the statute.

The judgment of the trial court is affirmed.