**18**

The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Paul L. CUSHINBERRY,
Defendant–Appellant.

No. 91CA0300.

Colorado Court of Appeals,
Div. I.

Dec. 31, 1992.

Rehearing Denied Feb. 4, 1993.

Certiorari Denied July 6, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Kristin Giovanini, Deputy State Public Defender, Thomas K. Carberry, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, Paul L. Cushinberry, appeals the judgment of conviction entered upon a jury verdict finding him guilty of second degree murder. We affirm.

Defendant's sole contention on appeal is that the trial court erred in refusing to instruct the jury on the affirmative defense set out in § 18–1–704.5, C.R.S. (1986 Repl.Vol. 8B), the "make-my-day" statute. We find no error.

There must be evidence in the record to support an instruction embodying a defendant's theory of the case. *See People v. Dillon*, 655 P.2d 841 (Colo.1982). Thus, for defendant to be entitled to an instruction on the affirmative defense defined in § 18–1–704.5, he was required to present some credible evidence that (1) another person made an unlawful entry into the defendant's dwelling; (2) the defendant had a reasonable belief that such other person had committed a crime in the dwelling in addition to the uninvited entry, or was committing or intended to commit a crime against a person or property in addition to the uninvited entry; (3) the defendant reasonably believed that such other person might use physical force, no matter how slight, against any occupant of the dwelling; and (4) the defendant used force against the person who actually made the unlawful entry into the dwelling. *People v. Guenther*, 740 P.2d 971 (Colo.1987).

The trial court concluded the evidence did not support giving an instruction on the "make-my-day" affirmative defense. We agree.

The defendant was sitting on a window sill in a stairwell landing in his apartment building when the victim confronted him demanding money. An altercation ensued during which the defendant shot the decedent.

 "Dwelling" is defined as a building which is used, intended to be used, or usually used by a person for habitation. Section 18–1–901(3)(g), C.R.S. (1986 Repl.Vol. 8B). The stairwell was not part of the defendant's apartment, but was a common area used by other tenants and their guests. We conclude that, for purposes of the "make-my-day" statute, the common areas of an apartment building do not constitute a dwelling. *See People v. Marshall,* 196 Colo. 381, 586 P.2d 41 (1978); §§ 18–4–502 and 18–4–503, C.R.S. (1986 Repl.Vol. 8B); *cf. People in Interest of D.G.P.,* 194 Colo. 238, 570 P.2d 1293 (1977). The court therefore did not err in rejecting defendant's tendered instruction.

Judgment affirmed.

NEY and DAVIDSON, JJ., concur.