The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Dennis W. LOESER, Jr., Defendant–
Appellant.

No. 97CA0939.

Colorado Court of Appeals,
Div. III.

Nov. 27, 1998.

As Modified on Denial of Rehearing
Jan. 14, 1999.

Certiorari Denied July 26, 1999.*

Gale A. Norton, Attorney General, Martha
Phillips Allbright, Chief Deputy Attorney
General, Richard A. Westfall, Solicitor Gen-

* Justice SCOTT does not participate.

eral, Brook Millard, Special Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

Opinion by Judge DAVIDSON.

Defendant, Dennis W. Loeser, Jr., appeals from the sentence imposed upon him as a result of his conviction for vehicular homicide while driving under the influence. We affirm.

## I.

Defendant contends that §18–3–106(1), C.R.S.1998, violates his right to equal protection and due process because §18–3–106(1)(c), C.R.S.1998, provides for disparate sentences for persons convicted under §18–3–106(1)(a) & (b), C.R.S.1998. Specifically, § 18–3–106(1) classifies a conviction for vehicular homicide with a "reckless" *mens rea* as a class 4 felony but classifies the same offense as a strict liability crime and a class 3 felony if it involves driving under the influence. Therefore, he argues, when compared with persons convicted of vehicular homicide while driving recklessly, he is subjected by the statute to a greater penalty for identical conduct, that is, driving in a manner that results in another person's death. We perceive no constitutional defect in the statute.

Section 18–3–106(1)(a) provides that:

If a person operates or drives a motor vehicle in a reckless manner, and such conduct is the proximate cause of the death of another, such person commits vehicular homicide.

Under §18–3–106(1)(b),

If a person operates or drives a motor vehicle while under the influence of alcohol ... and such conduct is the proximate cause of the death of another, such person commits vehicular homicide. This is a strict liability crime.

Section 18–3–106(1)(c) provides that:

Vehicular homicide, in violation of paragraph (a) of this subsection (1), is a class 4 felony. Vehicular homicide, in violation of paragraph (b) of this subsection (1), is a class 3 felony.

The General Assembly has the power to create and define criminal offenses, subject only to constitutional limitations. *People v. Hulse,* 192 Colo. 302, 557 P.2d 1205 (1976). The right to equal protection prohibits the punishment of identical conduct with disparate penalties. This right is implicated if the same conduct is proscribed in two statutes and different sanctions apply to the identical conduct. *People v. Young,* 859 P.2d 814 (Colo.1993).

Here, in order for a defendant to be convicted of vehicular homicide under §18–3–106(1)(b), the prosecution is required to prove that the defendant was driving under the influence of alcohol or other drugs. In contrast, for a defendant to be convicted of vehicular homicide under §18–3–106(1)(a), the prosecution does not have to prove that a defendant was driving under the influence but, instead, must prove that the defendant was driving recklessly. Thus, because the two statutes set forth different conduct by which this offense may be committed, defendant simply is not similarly situated to those persons convicted of vehicular homicide under §18–3–106(1)(a). *See People v. Black,* 915 P.2d 1257 (Colo.1996) (no violation of equal protection if persons not similarly situated).

## II.

Alternatively, defendant argues that the statute is unconstitutional because the designation of vehicular homicide while driving under the influence as a strict liability crime imposes a more severe penalty for an offense involving a lesser culpable mental state than that required for vehicular homicide while driving recklessly. Again, we disagree.

Although a strict liability offense requires only the performance of a voluntary act and, therefore, seems to set forth a lesser *mens rea* than that required for an act performed recklessly, *see People v. Rostad,* 669 P.2d 126, (Colo.1983), that difference alone does not establish a violation of equal protection. Instead, if the act of vehicular homi-

cide while driving under the influence, established as a strict liability offense, rationally may be viewed as posing a more substantial evil than that set forth in the statute describing vehicular homicide while driving recklessly, then there is no violation of equal protection. *See People v. Johnson,* 923 P.2d 342 (Colo.App.1996) (although an offense may seem to prescribe harsher punishment for a lesser culpable mental state, when respective mental states are joined to the proscribed conduct, such offense may pose a more substantial evil than the other).

The General Assembly may establish more severe penalties for those offenses which it believes have greater social impact and graver consequences. *People v. Mozee,* 723 P.2d 117 (Colo.1986) (General Assembly may prescribe different punishment for conduct it views as more reprehensible to society). As long as the statutory classification is based on differences that are real and reasonably related to legitimate governmental objectives, the statute will survive an equal protection challenge under a rational basis standard. *Ferguson v. People,* 824 P.2d 803 (Colo.1992).

Here, the General Assembly's interest in protecting the public from the harm to life and property caused by drunk driving is well recognized. *See People v. Rister,* 803 P.2d 483 (Colo.1990) (it is beyond debate that drunken driving is a serious problem and that the state has a substantial interest in preventing the loss of life and damage to property caused by drunk drivers); *People v. Roybal,* 655 P.2d 410 (Colo.1982) (mortality statistics support General Assembly's well-founded concern of removing drunk drivers from the highway to protect the lives and property of the public). The more severe penalty set forth for §18–3–106(1)(b) reflects the General Assembly's perception that the act of driving under the influence poses a more substantial risk to public safety than does reckless driving. Further, this penalty enforces the legitimate governmental interest the General Assembly has in preventing drunk drivers from endangering public safety.

Hence, because §18–3–106(1)(b) prescribes what may be considered the more serious offense and because the punishment set forth for such offense has a rational basis related to a legitimate government interest, it does not violate defendant's equal protection or due process rights.

The judgment is affirmed.

Judge JONES and Judge RULAND, concur.