The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Steven GRIFFITH, Defendant–Appellant.

No. 00CA1924.

Colorado Court of Appeals,
Div. I.

June 6, 2002.

As Modified on Denial of Rehearing
July 18, 2002.

Certiorari Denied Nov. 18, 2002.

Ken Salazar, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Firm of Douglas S. Joffe, Michelle L. Lazar, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Steven Griffith, appeals the judgment of conviction entered upon a jury verdict finding him guilty of attempted first degree criminal trespass. We affirm.

The victim testified that she was home alone when defendant, a person unknown to her, came to the door. Defendant pushed on the door screen guard and rattled the door window as if he were trying to push out the screen or the window. The victim yelled at defendant to stop, but defendant continued to push on the door window. The victim then told defendant she was calling the police and brought her portable telephone to the door. Defendant said, "You fucking bitch. I'll get you for this," and moved to the side of her house. She called the police, and defendant was soon apprehended nearby.

## I.

Defendant first argues the trial court erred by not sua sponte instructing the jury concerning third degree criminal trespass as a lesser included offense of attempted first degree criminal trespass. We disagree.

 A defendant is entitled to an instruction on a lesser included offense if there is evidence to support that instruction. Such an instruction is appropriate when a rational basis exists to acquit the defendant of the offense charged, but to convict of the included offense. *People v. Ramirez*, 18 P.3d 822, 827 (Colo.App.2000).

As relevant here, a lesser offense is "included" in a greater offense when it "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Section 18–1–408(5)(a), C.R.S.2001. The supreme court has "construed section 18–1–408(5)(a) to require a comparison of the statutory elements of each offense in order to determine whether an offense is within the lesser-included category." *Patton v. People*, 35 P.3d 124, 130 (Colo.2001). The court has described this "statutory elements test" as follows:

[I]f proof of the facts establishing the statutory elements of the greater offense *necessarily* establishes all of the elements of the lesser offense, the lesser offense is

included for the purposes of section 18–1–408(5)(a). If, however, each offense *necessarily* " 'requires proof of at least one additional fact which the other does not,' " the strict elements test is not satisfied. . . .

*People v. Leske*, 957 P.2d 1030, 1036 (Colo. 1998) (citations omitted; emphasis added)(quoting *People v. Henderson*, 810 P.2d 1058, 1063 (Colo.1991), and *Wicker v. State*, 462 So.2d 461, 462 (Fla.1985)).

Here, defendant was charged with attempted first degree criminal trespass. "A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another . . . with intent to commit a crime therein." Section 18–4–502, C.R.S. 2001. The attempt statute specifies, in relevant part, as follows:

A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

Section 18–2–101(1), C.R.S.2001.

Defendant now contends the jury should have been allowed to consider third degree criminal trespass, which is defined as follows: "A person commits the crime of third degree criminal trespass if such person unlawfully enters or remains in or upon premises of another." Section 18–4–504(1), C.R.S.2001.

 Third degree criminal trespass is a lesser included offense of first degree criminal trespass. See *People v. Marshall*, 196 Colo. 381, 586 P.2d 41 (1978)(explaining that the only difference between first degree criminal trespass and third degree criminal trespass is that the former offense requires proof that the "premises" unlawfully entered was a "dwelling"); see also § 18–4–504.5, C.R.S.2001 (defining "premises" in a manner that would necessarily be included within the definition of a "dwelling").

However, defendant was not charged with first degree criminal trespass; he was charged with *attempted* first degree criminal trespass.

To prove that a defendant committed attempted first degree criminal trespass, the prosecution is required to prove that the defendant possessed the requisite intent and took a substantial step toward commission of first degree criminal trespass. One way that the prosecution can meet this burden is by proving that the defendant unlawfully entered the real property surrounding the victim's home. *See* § 18–4–504.5 (defining "premises" as including "real property"). However, because unlawful entry of the premises is not a necessary element of attempted first degree criminal trespass, the prosecution can also meet this burden of proof in other ways. A defendant can announce his or her criminal intent to commit first degree criminal trespass and can make preparations that constitute a substantial step toward commission of that offense, but that do not necessitate entry upon the subject premises. For example, a defendant could say he or she intended to remove the lock from the door of the victim's home with a screwdriver, go inside, and assault the victim. The defendant could then take a substantial step toward commission of that offense by purchasing a screwdriver.

■ In contrast, as § 18–4–504 makes clear, unlawful entry upon the premises is a necessary element of the *completed* offense of third degree criminal trespass. Therefore, third degree criminal trespass is not a lesser included offense of attempted first degree criminal trespass, and defendant's claim of error is rejected.

We note that defendant does not contend that he was entitled to an instruction concerning *attempted* third degree criminal trespass as a lesser included offense. Likewise, defendant does not contend that he was entitled to an instruction concerning third degree criminal trespass as a lesser nonincluded offense of attempted first degree criminal trespass. Accordingly, we do not address these questions.

II.

■ Defendant also argues the prosecutor committed reversible error in closing argument. While we agree with the People that some of the prosecutor's remarks were improper, we are not persuaded that reversal is required.

■ A contention that the prosecutor engaged in improper argument must be evaluated in the context of the argument as a whole and in light of the evidence. Although a prosecutor may argue the facts in evidence and reasonable inferences from those facts, it is improper for a prosecutor to interject his or her personal belief regarding the strength of the evidence. *See People v. Serpa*, 992 P.2d 682, 685 (Colo.App.1999). However, errors that do not substantially influence the verdict or affect the fairness of the proceedings may be deemed harmless. Crim. P. 52(a).

Here, during closing argument, the prosecutor asserted that defendant had taken a substantial step toward commission of first degree criminal trespass. In support, the prosecutor posed the following rhetorical questions to the jury: "What would happen if that little latch had broken? Do you think he wouldn't have gotten into that house? Do you think ... he wouldn't have gone on in?" The trial court sustained defense counsel's objection. The prosecutor then reformulated her argument and said that the jury could reasonably infer defendant's intent to enter based on the evidence presented.

During rebuttal, the prosecutor speculated whether defendant would have been so persistent if, instead of the victim, three large men had answered the door. The prosecutor then proceeded to answer her own question: "I don't think so. I bet he would have left, but that's for you." Defense counsel objected to the prosecutor's statement as an improper expression of personal opinion. The trial court admonished the prosecutor not to "make personal statements." The prosecutor continued with her argument, stating, "The People believe he would have left." Defense counsel renewed the objection, and the prosecutor withdrew the statement.

Defense counsel objected again when the prosecutor stated, "[W]e believe we present-

ed [our case] to you beyond a reasonable doubt," and "[W]e believe he was aware that he was trying to get in the dwelling." The trial court did not rule on the objection because the prosecutor quickly acknowledged defendant's objection and clarified that she was making this argument on behalf of "the People."

We conclude the prosecutor's rhetorical questions, although based on speculation about events that did not occur, were readily understandable as commentary on the actual evidence presented. The prosecutor's improper statements regarding what she or the People believed about the evidence were a small part of a lengthy closing argument in which the prosecutor fairly summarized the evidence and emphasized that it was the jury's prerogative to make an independent determination of the facts. Additionally, because the trial court sustained defense counsel's objection and/or admonished the prosecutor, or the prosecutor withdrew her remarks, any potential that the improper remarks could influence the jury was significantly diminished. Accordingly, the comments, viewed either individually or in combination, did not rise to the level of reversible error.

The judgment is affirmed.

Judge CASEBOLT and Judge WEBB concur.