The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Dave MUMAUGH, Defendant-Appellant.

No. 80SA518.

Supreme Court of Colorado,
En Banc.

April 12, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Gerard C. Boyle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Mitchell & Mitchell, P.C., Michael T. Mitchell, Rocky Ford, for defendant-appellant.

DUBOFSKY, Justice.

The defendant Dave Mumaugh appeals the denial by the Otero County District Court of his Crim.P. 35 motion to reduce his sentence under section 42–4–1401(1), C.R.S. 1973 (1980 Supp.; current version in 1981 Supp.) for leaving the scene of an accident resulting in a death and failing to report the accident. The defendant requests that his sentence be reduced to that required under section 42–4–1403, C.R.S. 1973 (1980 Supp.; current version in 1981 Supp.) because sections 42–4–1401 and 42–4–1403 proscribe the same conduct, and section 42–4–1403 provides a lesser punishment. We vacate the defendant's conviction under section 42–4–1401 and remand to the district court for resentencing under section 42–4–1403.

About 8:00 p. m. on January 12, 1980, the defendant drove through a stop sign at an intersection in La Junta and hit an elderly woman pedestrian. The defendant stopped his car and asked a witness to summon an ambulance. The defendant waited with the victim until the ambulance arrived. After a brief conversation with a police officer, the defendant left the scene of the accident without giving his name, address, the registration number of his vehicle, or exhibiting his driver's license to anyone at the scene. The victim later died. Initially, the defendant denied his involvement in the accident when questioned by La Junta police officers, but on January 15, 1980, he admitted to the La Junta police that he was the driver involved in the accident.

The defendant was charged with criminally negligent homicide, section 18–3–105, C.R.S. 1973 (1978 Repl. Vol. 8) and failure to remain at the scene of an accident (hit and run), section 42–4–1401(1), C.R.S. 1973 (1980 Supp.; current version in 1981 Supp.). A jury returned a verdict of not guilty of criminally negligent homicide but found the defendant guilty of violating the hit and run statute. The district court sentenced the defendant to six months in the Otero County Jail and a fine of $1,000; however, the court suspended the execution of the sentence and granted one year's probation.

At the sentencing hearing, the defendant argued that he should be sentenced under section 42–4–1403, C.R.S. 1973 (1980 Supp.; current version in 1981 Supp.) for a class 2 traffic offense rather than for a class 1 traffic offense under section 42–4–1401 because both sections proscribe the same conduct but subject it to different penalties.[1] The district court sentenced the defendant under section 42–4–1401. Subsequently, the defendant filed a Crim.P. 35 motion on the basis that the sentence imposed violated equal protection of the law under the United States and Colorado Constitutions. He requested resentencing under section 42–4–1403. The trial court denied the defendant's motion, and this appeal ensued.

The defendant argues that his sentence under section 42–4–1401 unconstitutionally denies him equal protection because that section and section 42–4–1403 set different penalties for the same conduct. We agree.

Section 42–4–1401, C.R.S. 1973 (1980 Supp.) provides:

(1) The driver of any vehicle directly involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 42–4–1403. Every such stop shall be made without obstructing traffic more than is necessary.
(2) Any person who violates any provision of this section commits a class 1 traffic offense.
(3) The department shall revoke the driver's license of the person so convicted.

Section 42–4–1403, C.R.S. 1973 (1980 Supp.) provides:

(1) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, his address, and the registration number of the vehicle he is driving and shall upon request exhibit his driver's license to the person struck or the driver or occupant of or person attending any vehicle collided with and where practical shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if the carrying is requested by the injured person.
(2) In the event that none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (1) of this section and no police officer is present, the driver of any vehicle involved in such accident after fulfilling all of the requirements of subsection (1) of this section, insofar as possible on his part to be performed, shall forthwith report such accident to the nearest office of a duly authorized police authority as required in section 42–4–1406 and submit thereto the information specified in subsection (1) of this section.
(3) Any person who violates any provision of this section commits a class 2 traffic offense.[2]

The People concede that both provisions proscribe leaving the scene of an accident and, as applied to the facts in this case, are virtually identical in effect, with the exception that section 42–4–1401 refers to "[t]he driver of any vehicle *directly involved* in an accident..." and section 42–4–1403 refers to "[t]he driver of any vehicle *involved* in

---

**1.** The defendant maintained that he was charged and the jury was instructed in language consistent with both sections 42–4–1401 and 42–4–1403.

**2.** At the time pertinent to this case, section 42–4–1501, C.R.S. 1973 (1980 Supp.) established the penalties for misdemeanor traffic offenses to include, for a class 1 traffic offense, a minimum sentence of ten days imprisonment or $100 fine or both, and a maximum sentence of one year imprisonment, or $1000 fine, or both, and for a class 2 traffic offense, ten days imprisonment, or $10 fine or both, and a maximum sentence of 90 days imprisonment, or $300 fine, or both.

an accident. ..." [3] Although the General Assembly has not defined either term, the People contend that "directly involved" describes an accident in which the driver physically strikes a pedestrian or another vehicle while "involved" applies where the driver's vehicle does not make physical contact with the affected person or vehicle. They rely on *State v. Petersen*, 17 Or.App. 478, 522 P.2d 912 (1974) where the Oregon court read "involved in an accident" in a statute similar to section 42–4–1403 to include an accident in which the defendant and the decedent's vehicles were engaged in a drag race, and the decedent's vehicle collided with a third vehicle. *See also People v. Bammes*, 265 Cal.App.2d 626, 71 Cal.Rptr. 415 (1968) (a defendant was "involved" where he pulled into the path of a station wagon, causing the station wagon to swerve and be struck by a logging truck), and *Baker v. Fletcher*, 191 Misc. 40, 79 N.Y.S.2d 580 (1948) (a defendant was "involved" where he opened the door of his car, causing another vehicle to swerve and collide with a third vehicle).

We do not find this distinction convincing. None of the cases defining "involved in an accident" contrast that language with "directly involved in an accident." They merely state the common-sense conclusion that to be "involved in an accident" one need not actually strike another person or vehicle. The "involved" language of the statutes interpreted in these cases would also include instances in which actual physical contact occurred and is thus indistinguishable from "directly involved" as the People define it in this case.

Violation of section 42–4–1403, C.R.S. 1973 (1980 Supp.) is a class 2 traffic offense. The defendant's sentence and fine, imposed under section 42–4–1401, C.R.S. 1973 (1980 Supp.), violation of which constitutes a class 1 offense, exceeded the maximum allowable for a class 2 offense. In addition to the sentence and fine, under section 42–4–

1401(3), the defendant is subject to mandatory revocation of his driver's license. Clearly, the punishment imposed on the defendant for violation of section 42–4–1401 is more severe than the penalties mandated under section 42–4–1403.

We have held consistently that equal protection of the laws requires that statutory classifications of crimes be based on differences that are real in fact and reasonably related to the general purposes of criminal legislation. *People v. Brown*, Colo., 632 P.2d 1025 (1981); *People v. Marcy*, Colo., 628 P.2d 69 (1981); *People v. Bramlett*, 194 Colo. 205, 573 P.2d 94 (1977), *cert. denied*, 435 U.S. 956, 98 S.Ct. 1590, 55 L.Ed.2d 808 (1978); *People v. Czajkowski*, 193 Colo. 352, 568 P.2d 23 (1977); *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975). Different statutory provisions "proscribing with different penalties what ostensibly might be different acts, but offering no intelligent standard for distinguishing the proscribed conduct" violate equal protection. *People v. Marcy*, 628 P.2d at 75. *See, e.g., People v. Bramlett, supra; People v. Dominguez*, 193 Colo. 468, 568 P.2d 54 (1977); *People v. Calvaresi, supra.*

The distinction, if any, between "directly involved in an accident" and "involved in an accident" is "one without a sufficiently pragmatic difference to permit an intelligent and uniform application of the law." *People v. Marcy*, 628 P.2d at 78. To allow the defendant here to suffer a more severe penalty for conduct indistinguishable from that which carries a lesser penalty violates equal protection of the laws.

We remand the case to the district court with directions to vacate the judgment of conviction under section 42–4–1401, C.R.S. 1973 (1980 Supp.), enter judgment of conviction under section 42–4–1403, C.R.S. 1973 (1980 Supp.), and resentence the defendant accordingly.

---

**3.** An additional distinction between the two provisions is that section 42–4–1403 is by its terms also applicable to accidents in which there is vehicle damage but no injury, while section 42–4–1401 applies only to accidents in which injury or death occurs. However, since the defendant was here charged for leaving the scene of an accident from which a fatality resulted, the effect of both provisions on this defendant is identical.