**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Theodore R. OLIVER, Defendant–Appellant.**

**No. 85SA389.**

Supreme Court of Colorado, En Banc.

Nov. 2, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David C. Johnston, Paonia, for defendant-appellant.

ERICKSON, Justice.

The defendant, Theodore Oliver, was convicted by a jury of sexual assault in the second degree, section 18–3–403(1)(f), 8 C.R.S. (1978 & 1984 Supp.); sexual assault in the third degree, section 18–3–404(1)(e), 8 C.R.S. (1978); and sexual assault upon a child, section 18–3–405(1), (2)(b), 8 C.R.S. (1978 and 1984 Supp.). He was sentenced to concurrently serve four years on the first charge, two years on the second charge, and four years on the third charge. As grounds for reversal, he contends on appeal that (1) opinion evidence of the credibility of the victims should not have been admitted; (2) the admission under section 13–25–129, 6 C.R.S. (1984 Supp.), of a social worker's testimony regarding the victims' out-of-court statements violated his constitutional right of confrontation; (3) he was denied equal protection of the laws because sections 18–3–404(1)(e) and 18–3–405 describe the same conduct and impose disparate penalties; (4) prosecutorial misconduct deprived him of his right to a fair trial; and (5) he was denied effective assistance of counsel in violation of the sixth amendment of the United States Constitution. We reverse and remand for a new trial in accordance with the directions contained in this opinion.[1]

I.

On Monday, April 2, 1984, S.U. informed Oliver, an acquaintance, that she was having mechanical problems with her car and asked him if her children, R.M., M.M., and M. could catch the school bus at his residence. The defendant consented to the arrangement and the next day her children began to stay with the Olivers.

According to the testimony of R.M., S.U.'s seventeen-year-old son, he woke up early Wednesday morning and saw Oliver sitting next to him. Oliver stated that "he didn't feel up to it that night, and his wife needed a young stud and that [R.M.] was it." Oliver allegedly put his hand inside R.M.'s shorts and began rubbing his penis. After about twenty minutes, Oliver removed his hand and told R.M. not to tell anyone about what happened.

Around 10:00 p.m. Wednesday night, R.M. and Oliver were in the trailer in which Oliver kept his locksmith equipment. Oliver was working on a job application and R.M. was reading some of Oliver's paperwork. R.M. testified that Oliver showed him pornographic magazines and pictures of Oliver's nude wife. Oliver then allegedly performed fellatio on him. R.M. claimed that afterwards Oliver took a picture of him.

On Thursday, April 5, according to the testimony of M.M., S.U.'s fifteen-year-old son, Oliver gave him a massage. When M.M. complained of a headache, Oliver stopped the massage and gave him some aspirin. Oliver then lifted M.M.'s underwear and began rubbing his penis. M.M. turned away from Oliver and told Oliver to quit. Oliver left but returned within fifteen minutes. M.M. told Oliver that he "was prejudice[d] toward fags," and Oliver left the room.

According to the testimony of M., the fourteen-year-old daughter, on Friday, April 6, she was watching television at the Oliver residence. Oliver and his son, Scott, were also in the room. M.'s muscles were sore from playing softball and Oliver gave her a back massage. During the massage,

---

1. We accepted jurisdiction pursuant to C.A.R. 50(a).

Oliver put his hand inside her underwear and touched her genitalia. When M. became upset, Oliver asked her if she was all right. She said no and he asked her if she wanted him to remove his hands. She said yes and he did so. She also testified that Oliver touched her breasts.

## II.

The defendant contends that the rebuttal testimony of a social worker and an investigator that they personally believed each of the three victims, based upon their experience and interviews of the victims,[2] was reversible error. We agree. In *Tevlin v. People*, 715 P.2d 338 (Colo.1986), we condemned the admission of almost identical testimony but did not reverse because of the overwhelming evidence of guilt apart from the opinion testimony.

In *Tevlin*, the defendant was convicted of child abuse and second-degree assault of his six-year-old son. During the trial the son testified that the defendant had struck and injured him with a belt and belt buckle. The prosecution elicited testimony from a social worker, who had interviewed the victim and was qualified as an expert in the field of child abuse investigation, that he believed the son's statements regarding the cause of the injuries. We concluded that the testimony was improperly admitted because the expert's opinion related to the witness' truthfulness on a specific occasion and because the foundational requirements

of CRE 608(a) for the admission of opinion testimony were not met.[3] *See People v. Smith*, No. 85CA1420, slip op. (Colo.App. Sept. 17, 1987); *People v. Koon*, 724 P.2d 1367, 1370–71 (Colo.App.1986); *People v. Koon*, 713 P.2d 410, 412 (Colo.App.1985); *see also People v. Gallegos*, 644 P.2d 920, 927 (Colo.1982) ("it is clearly improper to admit an investigating officer's testimony attesting to the accuracy or credibility of witness statements"); *People v. Higa*, 735 P.2d 203, 205 (Colo.App.1987).

 The admission of the opinion testimony of the social worker and investigator in this case was reversible error which requires that the defendant be granted a new trial.[4] *Tevlin*, 715 P.2d 338; *accord United States v. Azure*, 801 F.2d 336 (8th Cir. 1986); *State v. Miller*, 377 N.W.2d 506 (Minn.App.1985); *State v. Holloway*, 82 N.C.App. 586, 347 S.E.2d 72 (1986); *State v. Middleton*, 294 Or. 427, 657 P.2d 1215 (1983).

To avoid error upon retrial, we address some of the other issues raised by the defendant.

## III.

The defendant contends that the admission under section 13–25–129, 6 C.R.S. (1984 Supp.), of the social worker's testimony regarding the victims' out-of-court statements about the sexual assaults violated

---

2. The court accepted the social worker as an expert in the area of interviewing techniques and counseling factors involving sexually abused children. The prosecutor elicited testimony from the investigator that he had interviewed a "couple hundred" witnesses and was "fairly well able to get a feel of whether a person is being straight with me...."

3. CRE 608(a) provides:
 The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
 Because the defendant does not contest the admission of the testimony on the ground that the

foundational requirement of CRE 608(a)(2) was not satisfied, we do not address this issue on appeal.

4. The prosecutor contends that the opinion testimony is admissible because, "when a witness has personally observed the *physical activity of another* and summarizes his sensory impressions thereof," the witness' conclusions are admissible. *Elliott v. People*, 176 Colo. 373, 377, 490 P.2d 687, 689 (1971) (emphasis added); *see Gallegos*, 644 P.2d at 927. The rule, however, does not apply to opinion testimony regarding a witness' truthfulness on a specific occasion because the opinion is not based on the observance of physical activity but upon factors such as the plausibility of the witness' story, the degree of detail used in the story, the completeness of the story, and the witness' use of contradictory statements.

his right of confrontation.[5] U.S.Const. amend. VI; Colo. Const. art. II, § 16. We disagree.

The sixth amendment right of confrontation guaranteed by the United States Constitution is applicable to the states through the fourteenth amendment. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965). In considering challenges to hearsay evidence based on the confrontation clauses of the United States and Colorado Constitutions, a case-by-case analysis is applied. *People v. Dement*, 661 P.2d 675, 680 (Colo. 1983). A defendant's right of confrontation is satisfied if the hearsay declarant is produced for cross-examination or, if the declarant is shown to be unavailable, the hearsay bears "sufficient indicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 65–66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980); *Dement*, 661 P.2d at 680–82 (applying the federal test to an alleged violation of Colo. Const. art. II, § 16). *But see United States v. Inadi*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986) (a specific showing of unavailability is not always required). Because each of the three victims testified at trial and was available for cross-examination by the defendant, the defendant's right of confrontation was not violated under either the United States or the Colorado Constitutions. *See People v. Hise*, 738 P.2d 13, 15 (Colo.App.1986) (right of confrontation not violated where victim's out-of-court statements were admitted un-der section 13–25–129 and victim testified at trial); *People v. Galloway*, 726 P.2d 249, 253 (Colo.App.1986).

## IV.

The defendant claims that sections 18–3–405(1), (2)(b), 8 C.R.S. (1978 & 1984 Supp.), and 18–3–404(1)(e), 8 C.R.S. (1978), deny him equal protection of the law because he was convicted under section 18–3–405(1), (2)(b), which prohibits substantially the same conduct as section 18–3–404(1)(e), but imposes harsher penalties. *See People v. Calvaresi*, 188 Colo. 277, 281–82, 534 P.2d 316, 318–19 (1975). Under section 18–3–404(1)(e) one commits sexual assault in the third degree if he "knowingly subjects a victim to any sexual contact [and] [a]t the time of the commission of the act, the victim is less than eighteen years of age and the actor is the victim's guardian or is otherwise responsible for the general supervision of the victim's welfare." Sexual assault in the third degree under section 18–3–404(1)(e) is normally a class-one misdemeanor but it is a class-four felony "if the actor compels the victim to submit by use of ... force, intimidation, or threat as specified in section 18–3–402(1)(a), (1)(b), or (1)(c)."

Section 18–3–405 provides:

(1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen

**5.** Section 13–25–129, 6 C.R.S. (1984 Supp), provides:

(1) An out-of-court statement made by a child, as a child is defined under the statutes which are the subject of the action, describing any act of sexual contact, intrusion, or penetration, as defined in section 18–3–401, C.R.S., performed with, by, or on the child declarant, not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in criminal proceedings in which the child is a victim of an unlawful sexual offense, as defined in section 18–3–411(1), C.R. S. ..., if:

(a) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

(b) The child either:
(I) Testifies at the proceedings; or
(II) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.
(2) If a statement is admitted pursuant to this section, the court shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor.
(3) The proponent of the statement shall give the adverse party reasonable notice of his intention to offer the statement and the particulars of the statement.

years of age and the actor is at least four years older than the victim.

(2) Sexual assault on a child is a class 4 felony, but it is a class 3 felony if:

. . . .

(b) The actor who commits the offense on a victim is one in a position of trust with respect to the victim.

"Position of trust" is defined in section 18–3–401(3.5) as follows:

One in a "position of trust" includes, but is not limited to, any person who is a parent or acting in the place of a parent and charged with any of a parent's rights, duties, or responsibilities concerning a child, or a person who is charged with any duty or responsibility for the health, education, welfare, or supervision of a child, including foster care, child care, or family care, either independently or through another, no matter how brief, at the time of an unlawful act.[6]

■ Equal protection of the law is guaranteed by the fourteenth amendment to the United States Constitution and by the due process clause in article II, section 25 of the Colorado Constitution. "When two criminal statutes prescribe different penalties for identical conduct, a defendant convicted and sentenced under the harsher statute is denied equal protection of the laws." *People v. Mozee*, 723 P.2d 117, 126 (Colo.1986); *People v. Haymaker*, 716 P.2d 110, 115 (Colo.1986); *People v. Mumaugh*, 644 P.2d 299, 301 (Colo.1982). "Statutory classifications of crimes must be based on differences that are real in fact and reasonably related to the purposes of the legislative enactments." *Mozee*, 723 P.2d at 126,

*Haymaker*, 716 P.2d at 118. The General Assembly, however, may establish harsher penalties for acts that it believes have greater consequences, even if the differences are only a matter of degree. *Mozee*, 723 P.2d at 126; *Haymaker*, 716 P.2d at 118.

■ The two primary differences between the two types of sexual assault are (1) section 18–3–404(1)(e) requires the victim to be less than eighteen years of age and section 18–3–405 requires the victim to be less than fifteen years of age, and (2) section 18–3–405 requires the defendant to be at least four years older than the victim. These distinctions are real in fact and reasonably related to the General Assembly's purpose of protecting minor children from sexual assault. *See* Colorado Legislative Council, Report to the Gen. Assembly of 1983, at 3, 5–15 (1982) (recommending section 18–3–401(3.5) and section 18–3–405(2) based on empirical studies of sexual assaults on children). We, therefore, conclude that Oliver's conviction under section 18–3–405 did not deny him equal protection of the law.[7]

## V.

Oliver claims that he was denied a fair trial when the prosecutor elicited prejudicial testimony during direct examination and made prejudicial comments during closing argument. In the first incident, R.M. testified that when he told Oliver's son about the sexual assault the son stated that Oliver had also done it to him. The defendant objected on hearsay grounds and the district court sustained the objection.

---

6. On the date Oliver committed the offenses, the presumptive penalty range for a class-three felony was from four to eight years' imprisonment plus one year of parole, for a class-four felony was from two to four years' imprisonment plus one year of parole, and for a class-one misdemeanor was from six months' imprisonment, or five hundred dollars fine, or both to twenty-four months' imprisonment, or five thousand dollars fine, or both. §§ 18–1–105, –106, 8 C.R.S. (1984 Supp.).

7. Because it concluded that section 18–3–405 implicitly repealed section 18–3–404(1)(e), the district court denied Oliver's motion to dismiss the charges against him on the ground that he

was denied equal protection of the law. The court reasoned that, to the extent the two statutes overlap and impose different penalties for essentially the same conduct, they are in irreconcilable conflict, and, under section 2–4–206, 1B C.R.S. (1973), section 18–3–405 prevails. Because we find no express or implied indication that the General Assembly intended to repeal section 18–3–404(1)(e), we disagree with the district court's conclusion. *See State Highway Comm'n v. Haase*, 189 Colo. 69, 75, 537 P.2d 300, 305 (1975) ("Our primary objective in interpreting ... conflicting statutes is to give effect to the intent of the legislature.").

After warning R.M. about repeating the son's out-of-court statement, the prosecution only four questions later asked: "He [Oliver's son] let you know it happened to him?" R.M. answered affirmatively. The defendant objected and the court ordered the jury to disregard the testimony.

In the second incident, the prosecution elicited testimony on cross-examination over the defendant's objection that Oliver gave massages to Bingham, a homosexual, who was under investigation for homosexual activities with children.[8] The prosecution in rebuttal examination asked an investigator if he knew of Bingham's sexual preferences. The district court sustained the defendant's objection to the question. During closing argument, the prosecution stated with reference to Bingham that "this Defendant knew who he was dealing with and did deal with, and you may draw your own inference from that sort of conduct."

We agree that the prosecution's conduct in both instances was error. Prosecutorial misconduct may influence a jury and deny an accused a fair trial. In this case, the prosecutor, after an objection was sustained and the court instructed the prosecutor not to again elicit or refer to the testimony, repeated the objectionable question. A prosecutor must promptly comply with all orders and directives of the court, I Standards for Criminal Justice, The Prosecution Function, section 3–5.2(d) (1986 Supp.), and it is improper for a prosecutor to knowingly and for the purpose of bringing inadmissible matter to the jury's attention to ask a question which he knows will elicit an inadmissible answer, id. at section 3–5.6(b).

The prosecutor also improperly commented in closing argument on Oliver's association with Bingham, who the prosecutor asserted was a homosexual, after an objection had been sustained to a question identifying Bingham as a homosexual. It is unprofessional conduct for the prosecution to intentionally mislead the jury as to

inferences it may draw, id. at section 3–5.-8(a), and to use arguments calculated to inflame the passions or prejudice of the jury, id. at section 3–5.8(c). When the court has sustained an objection to a question, no inference can be drawn. In this case, though the court sustained objection to the question before it was answered, the prosecutor nevertheless argued that an inference could be drawn from the defendant's association with Bingham. The prosecutor, in effect, was improperly testifying and arguing law that went beyond the evidence and the instructions.

We need not determine if reversible error occurred since we have ordered that a new trial be granted on other grounds. The same conduct should not be repeated when a new trial is held.

## VI.

Finally, Oliver claims that he was denied effective assistance of counsel in violation of the sixth amendment of the United States Constitution and article II, section 16 of the Colorado Constitution. He contends that defense counsel failed to offer certain testimony and to object to allegedly improper questions.

The right to counsel is guaranteed by the United States and Colorado Constitutions. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16. A claim of ineffective assistance of counsel justifies reversal only if the defendant shows that counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984); *People v. Norman*, 703 P.2d 1261, 1272 (Colo.1985). Defense counsel is granted wide latitude in formulating defense strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 ("the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' ")

---

**8.** On appeal the defendant asserts that the district court improperly admitted this testimony. Because it is unnecessary to resolve this issue to

allow the district court to fully dispose of the case on remand, we do not address the issue on appeal.

(quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)); *see McClendon v. People*, 174 Colo. 7, 14, 481 P.2d 715, 719 (1971); I Standards for Criminal Justice, The Defense Function, section 4–5.2 (1986 Supp.) (the only decisions that defense counsel is not authorized to make for defendant are what plea to enter, whether to waive jury trial, and whether to testify).

In the present case, the defendant has not satisfied his burden of establishing that the alleged errors were not trial strategy. Oliver, therefore, was not deprived of the effective assistance of counsel.

We reverse the defendant's convictions and remand the case to the district court for a new trial.