The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Brent E. RICKSTREW, Defendant–Appellee.

No. 88SA148.

Supreme Court of Colorado, En Banc.

June 26, 1989.

---

Barney Iuppa, Dist. Atty., and Edward Colt, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, and Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellee.

ERICKSON, Justice.

The prosecution appeals from the trial court's ruling that section 42–4–1401, 17 C.R.S. (1984 & 1988 Supp.), is unconstitutional because it imposes a more severe penalty for the same behavior proscribed by section 42–4–1406, 17 C.R.S. (1984). Violation of section 42–4–1401 is a felony. Violation of section 42–4–1406 is a class two traffic offense. We disapprove of the trial court's ruling.

I.

On September 26, 1987, a state trooper was struck and killed by a van traveling north on Interstate 25 in El Paso County. At the time he was struck, the officer was

standing next to another vehicle that he had stopped for a traffic infraction. The van did not stop after the collision, but the defendant was stopped and arrested near Denver. Defendant Brent E. Rickstrew was driving the van and was visibly intoxicated. When asked to account for the damage to the front end of the van, he said that he had hit a deer earlier that evening.

Defendant was arrested and charged by information on October 7, 1987, with vehicular homicide, section 18–3–106, 8B C.R.S. (1986), leaving the scene of an accident resulting in death, section 42–4–1401, 17 C.R.S. (1984 & 1988 Supp.), driving under the influence, section 42–4–1202(1), 17 C.R.S. (1986), driving with excessive alcohol content, section 42–4–1202(1.5), 17 C.R.S. (1986), and driving under suspension, revocation or denial, section 42–2–130, 17 C.R.S. (1986 & 1988 Supp.). He was tried and convicted of vehicular homicide, section 18–3–106, and leaving the scene of an accident resulting in death, section 42–4–1401. He was on probation when the homicide occurred and was sentenced to sixteen years for vehicular homicide and a concurrent one-year sentence for leaving the scene of an accident. His convictions are on appeal to the court of appeals. *People v. Rickstrew*, No. 88CA0610.

Prior to trial, in December 1987, defendant filed a motion to declare section 42–4–1401 unconstitutional. The motion asserted that the same conduct punishable as a class four felony under section 42–4–1401 [1] was also punishable as a class two traffic offense under section 42–4–1406 [2]. He

---

1. Section 42–4–1401 provides:

*Accidents involving death or personal injuries—duties.* (1) The driver of any vehicle directly involved in an accident resulting in injury to, serious bodily injury to, or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 42–4–1403. Every such stop shall be made without obstructing traffic more than is necessary.

(2) Any person who violates any provision of this section commits:

(a) A class 1 misdemeanor traffic offense if the accident resulted in injury to any person;

(b) A class 1 misdemeanor if the accident resulted in serious bodily injury to any person;

(c) A class 4 felony if the accident resulted in the death of any person.

(3) The department shall revoke the driver's license of the person so convicted.

(4) As used in this section and sections 42–4–1403 and 42–4–1406:

(a) "Injury" means physical pain, illness, or any impairment of physical or mental condition.

(b) "Serious bodily injury" means every injury which involves a substantial risk of death, a substantial risk of serious permanent disfigurement, or a substantial risk of protracted loss or impairment of the function of any part or organ of the body.

2. At the time defendant committed the offenses, section 42–4–1406 provided:

*Duty to report accidents.* (1) The driver of a vehicle involved in a traffic accident resulting in injury to, serious bodily injury to, or death of any person or any property damage shall, after fulfilling the requirements of sections 42–4–1402 and 42–4–1403(1), give immediate notice of the location of such accident and such other information as is specified in section 42–4–1403(2) to the nearest office of the duly authorized police authority and, if so directed by the police authority, shall forthwith and without delay return to and remain at the scene of the accident until said police have arrived at the scene and completed their investigation thereat.

(2) The driver of a vehicle which is in any manner involved in an accident resulting in bodily injury to, serious bodily injury to, or death of any person or total damage to all property, to the extent specified in section 42–7–202, shall, within ten days after such accident, submit to the department on the form provided a written report of such accident as provided in section 42–7–202. Except when supplemental reports are required as provided in subsection (3) of this section, this shall be the only written report required of the driver for any of the purposes specified in this article and in article 7 of this title, and said report shall be required of the driver whether or not the accident was investigated by the police authority.

(3) The department may require any driver of a vehicle involved in an accident of which report must be made as provided in this section to file supplemental reports whenever the original report is insufficient in the opinion of the department and may require witnesses of accidents to render reports to the department.

(4) It is the duty of all law enforcement officers who receive notification of traffic accidents within their respective jurisdictions or who investigate such accidents either at the time of or at the scene of the accident or thereafter by interviewing participants or wit-

claimed that because there was no "intelligent standard" for distinguishing the conduct proscribed in section 42–4–1401 from that of section 42–4–1406, section 42–4–1401 violates equal protection of the laws. *See* U.S. Const.Amend. XIV; Colo. Const. Art. II, § 25; *People v. Cagle*, 751 P.2d 614, 619 (Colo.1988); *People v. Romero*, 746 P.2d 534, 536–37 (Colo.1987); *People v. Mozee*, 723 P.2d 117, 126 (Colo.1986); *People v. Haymaker*, 716 P.2d 110, 115 (Colo. 1986); *People v. Mumaugh*, 644 P.2d 299, 301 (Colo.1982); *People v. Calvaresi*, 188 Colo. 277, 282, 534 P.2d 316, 318 (1975).

The trial court agreed with the defendant and issued an order on January 5, 1988, declaring section 42–4–1401 unconstitutional on the ground that it violates equal protection of the laws. The court gave the prosecution an opportunity to amend the information to allege a violation of section 42–4–1406 as a substitute for the section 42–4–1401 charge. Not electing to amend the information, the prosecution filed a "Motion to Amend Order." The prosecution argued that dismissal of the charge brought under section 42–4–1401 was not requested by the defendant and was not an appropriate remedy to cure the constitutional defect because (1) the constitutional defect only involves penalties which can be imposed; (2) the "substantive statute" under which the prosecution elected to proceed is unaffected; and (3) the right to seek conviction under section 42–4–1401 was granted to the prosecution "with the understanding that should a conviction be obtained, the potential penalty would be as [a] class two traffic offense pursuant to the court's order declaring the penalty differences between 42–4–1401 and 42–4–1406 as violative of equal protection standards."

At a motions hearing held on January 22, 1988, the trial court permitted the prosecution to go forward with the section 42–4–1401 charge contrary to the court's earlier ruling that the statute was unconstitutional and that the information should be amended. The court stated:

So the court, as it indicated to counsel in discussion is going to allow that charge [leaving the scene of an accident] [to] be tried concurrently with the vehicular homicide charge, but so far as the court is—and the jury will not be informed whether it's a felony or misdemeanor because, of course, that's irrelevant to a jury's decisions. Nevertheless, the court is not suspending, is not modifying or changing its ruling that because 1401 and 1406 prohibit exactly the same behavior, that the differing penalties, one being a felony and other misdemeanor, render 1401 unconstitutional. Insofar as the court is concerned, it will be proceeding under 1406.

In response to the trial court's request, the prosecution amended the information to modify the section 42–4–1401 charge by interlineation. The word "feloniously" and the designation "F–4" were deleted from the section 42–4–1401 "leaving the scene of an accident" charge in the information.

The jury found the defendant guilty of vehicular homicide and the modified "leaving the scene of an accident" charge. Despite the trial court's ruling that if defendant were convicted he would be sentenced

nesses to submit reports of all such accidents to the department on the form provided within five days of the time they receive such information or complete their investigation. However, if a law enforcement officer has a reasonable basis to believe that damage to the property of any one person does not exceed five hundred dollars and if the traffic accident does not involve injury to or death of any person, the law enforcement officer shall not be required to complete an investigation or submit a report of such traffic accident.

(5) The person in charge at any garage or repair shop to which is brought any motor vehicle which shows evidence of having been struck by any bullet shall report to the nearest office of the duly authorized police authority within twenty-four hours after such motor vehicle is received, giving the engine number, registration number, and if known, the name and address of the owner and operator of such vehicle together with any other discernible information.

(6) Any person who violates any provision of this section commits a class 2 traffic offense.

Section 42–4–1406(4) was modified in 1988, but the modifications do not affect the determination of this appeal. *See* Ch. 299, sec. 11, § 42–4–1406(4), 1988 Colo.Sess.Laws 1385, 1385–86; Ch. 311, sec. 3, § 42–4–1406(4), 1988 Colo.Sess.Laws 1421, 1421–22.

for violating section 42–4–1406 and not section 42–4–1401, the mittimus reflects that the defendant was sentenced for committing a "misdemeanor" violation of section 42–4–1401.

## II.

In declaring section 42–4–1401 unconstitutional the trial court stated:

[I]t becomes apparent that the behavior prohibited by C.R.S. 42–4–1401 is in fact indistinguishable from that described at C.R.S. 42–4–1406. Indeed, the first paragraph of the two statutes match virtually word for word. Therefore, C.R.S. 42–4–1401 violates the constitutional requirement of equal protection by imposing a more severe sentence for the same behavior punishable as a traffic offense at C.R.S. 42–4–1406.

Equal protection of the laws is guaranteed by the fourteenth amendment of the United States Constitution and by the due process clause in article II, section 25 of the Colorado Constitution. *People v. Oliver*, 745 P.2d 222, 227 (Colo.1987). Equal protection of the laws assures that those who are similarly situated will be afforded similar treatment. *People v. Mozee*, 723 P.2d 117, 126 (Colo.1986); *People v. Calvaresi*, 188 Colo. 277, 281, 534 P.2d 316, 318 (1975). "When two criminal statutes prescribe different penalties for identical conduct, a defendant convicted and sentenced under the harsher statute is denied equal protection of the laws." *Oliver*, 745 P.2d at 227. (quoting *Mozee*, 723 P.2d at 126.) If, however, there are reasonable differences or distinctions between the statutes, equal protection is not offended. *People v. Westrum*, 624 P.2d 1302, 1303 (Colo.1981). The fact that criminal conduct may violate more than one statutory provision does not render such legislation consti-

tutionally infirm. *People v. Cagle*, 751 P.2d 614, 618–19 (Colo.1988); *People v. Romero*, 746 P.2d 534, 536–37 (Colo.1987); *People v. Taggart*, 621 P.2d 1375, 1382 (Colo.1981). Equal protection of the law requires statutory classifications of crimes to be based on differences that are real in fact and reasonably related to the general purposes of criminal legislation. *Cagle*, 751 P.2d at 619; *Romero*, 746 P.2d at 537; *People v. Mumaugh*, 644 P.2d 299, 301 (Colo.1982). Finally, equal protection is implicated only where two statutes that impose different criminal sanctions proscribe the same conduct. *Romero*, 746 P.2d at 537; *People v. Czajkowski*, 193 Colo. 352, 356, 568 P.2d 23, 25 (1977).

An examination of the two statutes enacted by the General Assembly for leaving the scene of an accident specifies reasonably different criminal conduct and disposes of the equal protection claim. In construing the equal protection challenge to sections 42–4–1401 and 42–4–1406 we are mindful of the basic rules of statutory construction.[3] A defendant violates section 42–4–1401 when, as the driver of a vehicle directly involved in a traffic accident resulting in injury or death, he fails to stop immediately and fulfill the requirements of section 42–4–1403, 17 C.R.S. (1984). Section 42–4–1403 requires the driver of a vehicle involved in an accident resulting in injury or death to render reasonable assistance, including arrangements for the care of the injured by medical personnel. Section 42–4–1403 also requires drivers to exchange identifying information after the accident. Failure to comply with the requirements of section 42–4–1403 is punishable as a class four felony if the accident results in the death of any person. § 42–4–1401(2)(c).

---

**3.** Our primary task in construing statutes is to give effect to the legislative purpose underlying the enactment. *E.g., Colorado Common Cause v. Meyer*, 758 P.2d 153, 160 (Colo.1988); *People v. Guenther*, 740 P.2d 971, 975 (Colo.1987). To determine legislative purpose, we first look to the statutory language itself, giving words and phrases their commonly accepted and understood meaning. *Colorado Common Cause*, 758

P.2d at 160; *Guenther*, 740 P.2d at 975; *People v. District Court*, 713 P.2d 918, 921 (Colo.1986). A statute should be interpreted "so as to give consistent, harmonious, and sensible effect to all of its parts." *Colorado Common Cause*, 758 P.2d at 160. *See also* § 2–4–201(1)(b), 1B C.R.S. (1980); *Allen v. Charnes*, 674 P.2d 378 (Colo. 1984).

█ A defendant violates section 42–4–1406 when, as the driver of a vehicle directly involved in a traffic accident resulting in injury or death, *and after fulfilling the requirements* of sections 42–4–1402, 17 C.R.S. (1984 & 1988 Supp.) *and 42–4–1403*, he fails to report the accident to the police. The purpose of section 42–4–1406 is to ensure that traffic accidents are promptly reported to the police. The requirements in sections 42–4–1406(4) and –1406(5) reflect the General Assembly's intent to emphasize reporting in section 42–4–1406 because the duties of drivers involved in traffic accidents are not addressed. Rather, section 42–4–1406(4) establishes a duty upon all law enforcement officers who receive notification of traffic accidents to submit reports of those accidents. Section 42–4–1406(5) requires persons in charge of garages and repair shops to report to the police evidence of a motor vehicle being struck by any bullet.

█ A close examination of sections 42–4–1401 and –1406 reveals that the legislative purpose underlying each statute is distinct in both type and degree. The gravamen of section 42–4–1401, when interpreted in harmony with section 42–4–1403, is to require a driver, such as the defendant, to stop and render immediate and urgent assistance to the injured parties in a motor vehicle accident and to exchange information. In contrast, the purpose of section 42–4–1406, as it relates to this case, is to ensure that police authorities are notified of traffic accidents by the parties involved. The potentially life-saving duty to render assistance to injured parties is superior to the duty to inform the police that an accident has occurred. When construing the statutes as a whole, it is readily apparent that the two statutes are not "indistinguishable" even though both statutes may in part "match virtually word for word."

█ Because violation of section 42–4–1401 is a class four felony and violation of section 42–4–1406 is a class two traffic offense, we conclude that the General Assembly established a harsher penalty for leaving the scene of an accident than for failing to report an accident. We have repeatedly affirmed that "[t]he General Assembly [i]s free to prescribe different punishments for conduct it may have rationally perceived to have different degrees of social reprehensibility." *Mozee*, 723 P.2d at 126 (quoting *People v. Johnson*, 195 Colo. 350, 353, 578 P.2d 226, 228 (1978)). Where, as here, a reasonable distinction can be drawn between the conduct proscribed by two statutes, the legislation is not constitutionally infirm. The two statutes are based on differences that are real in fact and the statutes are reasonably related to the general purposes of the legislation. *See Cagle*, 751 P.2d at 619; *Romero*, 746 P.2d at 537; *Mumaugh*, 644 P.2d at 301. Accordingly, we conclude that section 42–4–1401 does not violate equal protection of the laws.

### III.

The prosecution seeks to have us remand this case to the trial court for resentencing pursuant to section 42–4–1401(2)(c). From the record, it is difficult, if not impossible, to determine the statute which was the basis for the jury verdict and the sentence imposed on the defendant. The sentence would indicate that the court relied on the misdemeanor statute in imposing the one year sentence that was to be served concurrently with the vehicular homicide conviction. The trial court modified the section 42–4–1401 charge to reduce it from a felony to a misdemeanor, and stated that if defendant was convicted, he would be sentenced to a misdemeanor and not a felony violation. However, the mittimus reflects that defendant was sentenced for violation of section 42–4–1401, erroneously labeled a "misdemeanor." The one-year sentence imposed upon defendant for the section 42–4–1401 violation indicates that the trial court sentenced him for a misdemeanor offense.

Apart from double jeopardy issues, the concurrent sentences indicate the trial judge's conclusion that the sentence imposed for vehicular homicide was of such severity as to eliminate the need for further incarceration. *See* U.S. Const. Amends. V and XIV; Colo. Const. Art. II,

§ 18; *People v. District Court,* 663 P.2d 616 (Colo.1983). Accordingly, we disapprove the ruling of the trial court that found section 42–4–1401 to be unconstitutional.