74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theodore Robert OLIVER, Petitioner-Appellant,
v.
Aristedes W. ZAVARAS, Executive Director, Colorado
Department of Corrections; Gale Norton, Attorney
General of the State of Colorado,
Respondents-Appellees.
 No. 95-1114.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 Before EBEL, McKAY, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 EBEL, Judge
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Theodore Robert Oliver appeals from an order of the district court denying his petition for habeas corpus filed pursuant to 28 U.S.C. 2254. The district court granted petitioner a certificate of probable cause for appeal. We affirm.
 
 
 3
 In 1984, petitioner was charged with three counts of sexual assault against minors. He was tried and convicted by a jury two times, and both times the convictions were overturned on appeal. See People v. Oliver, 745 P.2d 222 (Colo.1987); People v. Oliver, No. 88 CA 1207 (Colo.Ct.App.1990)(unpublished). On remand from No. 88 CA 1207, petitioner entered a guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25, 37 (1970)(permitting a defendant to enter guilty plea while maintaining innocence because expressed admission of guilt is not a constitutional prerequisite to imposition of a criminal penalty). In connection with accepting the plea, the court found the evidence against petitioner to substantially negate his claim of innocence. See id. at 37-38.
 
 
 4
 The court accepted petitioner's plea and entered a conviction on count one and a deferred sentence on counts two and three. The court sentenced petitioner to probation. As a condition of probation, petitioner was to be evaluated by a mental health professional to determine his need for treatment for sexually abusive behavior and any other emotional disorder. Petitioner was ordered to cooperate in good faith with the evaluation and to participate in good faith in any recommended treatment.
 
 
 5
 Thereafter, the court found petitioner had violated the terms of his probation. The court found petitioner had not cooperated in good faith with the evaluation process because he refused to complete and present an autobiography as directed by the evaluating professional. The court revoked petitioner's probation, revoked the two deferred sentences, and sentenced petitioner to four years in the Department of Corrections on count one, four years on count two to be served consecutively to count one, and two years in county jail on count three to be served concurrently with the other two sentences.
 
 
 6
 Service of the sentences was stayed pending appeal.[2] The convictions were affirmed and petitioner brought this federal action. Petitioner alleged his Fifth Amendment right against self-incrimination was violated because, as a condition of probation, he was required to admit his guilt in order to complete the evaluation process. Respondents concede petitioner has exhausted his state court remedies.
 
 
 7
 The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." That prohibition applies not only to a defendant's criminal trial, but also to " 'any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.' " Minnesota v. Murphy, 465 U.S. 420, 426 (1984)(quoting Lefkowitz v. Turley, 414 U.S. 70, 77 (1973)).
 
 
 8
 The privilege against compelled self-incrimination is generally not available to a probationer because revocation of probation is not a criminal proceeding. Id. at 435 n. 7. Thus, while the Constitution does not prevent a state from revoking probation because a probationer refuses to answer questions that violate an express condition of probation, id., the state cannot revoke probation because a probationer refuses to answer questions calling for information that would incriminate him in separate criminal proceedings, id. at 438.
 
 
 9
 The record, particularly the transcript of the probation revocation hearing, and the trial court's order show petitioner's probation was revoked because he refused to comply in good faith with the court's order of probation. If petitioner had cooperated with the evaluation and then participated in good faith in treatment, probation would have been continued.
 
 
 10
 Petitioner does not allege, nor does the record show, he would have been subjected to imprisonment or any other criminal action if he had cooperated in the court ordered probation program. We further note that no admission of unconvicted crimes was required by the court for a finding of good faith cooperation. The record supports our holding that probation was revoked because petitioner did not comply with the order granting probation. No Fifth Amendment violation occurred.
 
 
 11
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Petitioner's motion to file a pro se supplemental brief is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Petitioner has remained free on bail since his first conviction through the state appeal process. Upon motion, the federal district court stayed the service of petitioner's sentence pending its decision. That stay was lifted when the district court entered judgment. Petitioner has not sought a stay pending appeal to this court