The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Thomas WHATLEY, Defendant–Appellant.

No. 98CA2085.

Colorado Court of Appeals, Div. IV.

Feb. 17, 2000.

Rehearing Denied April 27, 2000.

Certiorari Denied Oct. 10, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, David B. Bush, Special Assistant Attorney General, John J. Krause, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Gradisar, Trechter, Ripperger, Roth, David A. Roth, Pueblo, Colorado, for Defendant–Appellant

Opinion by Judge PIERCE[*]

Defendant, Thomas Whatley, appeals a judgment of conviction entered on the jury verdict finding him guilty of second degree assault on a police officer performed upon a sudden heat of passion. We affirm.

Defendant was a passenger in an automobile whose driver had been pulled over by police for suspicion of driving under the influence of alcohol. After the car had been stopped for some time, defendant exited the vehicle and began to walk away.

A police officer recognized defendant as an individual wanted by police on an unrelated matter. According to defendant's testimony

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

at trial, the police officer then tackled him from behind and arrested him. However, the police officer contended that defendant initiated an attack on the officer before his arrest. Both were injured during the arrest.

Defendant was charged with second degree assault on a peace officer. A jury found him guilty of this charge, but determined he had acted upon a sudden heat of passion which reduced the crime from a class 4 to a class 6 felony.

## I.

Defendant first contends the trial court erred in refusing to give his tendered instruction on the affirmative defense of self-defense. We disagree.

Section 18–3–203(1)(c), C.R.S.1999, states that a person is guilty of the crime of second degree assault on a peace officer when:

> With intent to prevent one whom he or she knows, or should know, to be a peace officer or firefighter from performing a lawful duty, he or she intentionally causes bodily injury to any person. . . .

Section 18–1–704, C.R.S.1999, provides the affirmative defense of self-defense. It states in relevant part:

> a person is justified in using physical force upon another person in order to defend himself ... from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person.

■ An affirmative defense is a defense that admits conduct leading to the act charged but seeks to justify, excuse, or mitigate that conduct. *People v. Huckleberry,* 768 P.2d 1235 (Colo.1989); *People v. Reed,* 932 P.2d 842 (Colo.App.1996).

■ The quantum of evidence that must appear in the record in order to warrant an instruction on an affirmative defense is "some credible evidence." *People v. Saave-dra–Rodriguez,* 971 P.2d 223 (Colo.1998). That evidence may come from any source, even from the prosecution. *See Case v. People,* 774 P.2d 866 (Colo.1989). However, it is not error for a trial court to reject a defendant's proposed affirmative defense instruc-

tion if it is not grounded in, and supported by, the evidence. *People v. Lucas,* 992 P.2d 619 (Colo.App.1999).

■ Here, the prosecution's evidence established that, during an arrest, defendant assaulted and injured a known police officer.

Defendant elected to testify in his own defense. He specifically denied that he had struck the officer during the arrest. Again in cross-examination, he denied ever hitting, pushing, or kicking the police officer. At the close of the proceedings, the trial court refused to give defendants tendered instruction on self-defense.

As defendant's testimony indicates, he did not admit to having engaged in the conduct which led to the charge and then offer self-defense as justification for his action. Instead, defendant twice denied that he had committed *any* assault upon the officer. *Cf. People v. Huckleberry, supra.* ("[T]he essence of an affirmative defense is the admission of the conduct giving rise to the charged offense."). Defendant, when given an opportunity, offered no evidence of self-defense.

While the defendant stated that he had "wrestled around" with the officer, and had "pushed toward" the officer, we can not conclude that these comments amounted to an admission that defendant by his conduct he caused injury to the officer. *See* § 18–3–203(1)(c), C.R.S.1999. Nor is there any evidence in the record that he defended himself because he reasonably believed that unlawful force was about to be or was being used against him. Section 18–1–704, C.R.S.1999.

Therefore, under the totality of the facts in this case, we observe no error in the trial court's refusal to find that defendant had produced "some evidence" had to be produced to support his affirmative defense.

## II.

Defendant next contends the trial court erred when it allowed the prosecution to question defendant regarding his notice to the City of La Junta of a possible civil lawsuit based on injuries he received during his arrest. We perceive no error.

A trial court has considerable discretion in deciding questions concerning the admissibility of evidence and the determination of its relevancy, probative value, and prejudicial impact. *People v. Moya*, 899 P.2d 212 (Colo.App.1994). Absent an abuse of discretion, the ruling of a trial court concerning the relative probative value and prejudicial impact of the evidence will not be disturbed on review. *People v. Gibbens*, 905 P.2d 604 (Colo.1995).

A trial court abuses its discretion only if, under the circumstances, its decision is manifestly arbitrary, unreasonable, or unfair. *People v. Gibbens, supra.*

Here, the prosecutor informed the court at a sidebar conference that he intended to cross-examine defendant about the notice of a possible civil claim he had filed with the City of La Junta for injuries he sustained during his arrest. His stated reason for this line of questioning was to show that defendant had an economic interest in the outcome of his criminal case.

Defense counsel objected, asserting that such evidence was irrelevant and that its probative value was outweighed by its prejudice. The court overruled the objection.

In cross-examination, the only references by the prosecution to the possible civil suit occurred in the following testimony:

[Prosecutor]: Mr. Whatley, have you, through your Agent filed a claim against the City of La Junta for $100,000 concerning the incident that occurred on the early morning hours—

[Defendant]: First I heard about it—

[Prosecutor]: Are you saying you have filed such a claim?

[Defendant]: I never have; this is the first time I have heard about it when I heard you say it.

The evidence in question here was admitted for a very limited purpose and was not of major significance in the trial. Further, defense counsel elicited much more detailed testimony on the subject in his redirect examination. Under these circumstances, we cannot say that the trial court's decision to admit the testimony was manifestly arbi-

trary, unreasonable, or unfair. *See People v. Williams*, 40 Colo.App. 30, 569 P.2d 339 (1977)(scope and limits of cross-examination for the purposes of impeachment regarding general credibility are within the sound discretion of the trial court).

Moreover, defendant has failed to demonstrate any prejudice. The sum of defendant's testimony suggested that he was never aware of any civil action and was financially able to meet all expenses associated with the incident. Rather than impeaching his testimony, the testimony suggested he had no reason to lie.

## III.

Defendant also contends the trial court erred in denying his motion to dismiss the charge based on a violation of the equal protection clauses of the United States and Colorado constitutions. We do not agree.

The United States and Colorado Constitutions guarantee equal protection of the laws. When two criminal statutes prescribe different penalties for identical conduct, a defendant convicted and sentenced under the harsher of the two is denied equal protection of the laws. Statutory classifications of crimes must be based on differences that are real in fact and reasonably related to the purposes of the legislative enactments. The General Assembly, however, may establish harsher penalties for acts that it believes have greater consequences, even if the differences are only a matter of degree. *People v. Oliver*, 745 P.2d 222 (Colo.1987); *People v. Mozee*, 723 P.2d 117 (Colo.1986).

At trial, defendant moved the court to dismiss the charge against him on the ground that the charge violated his right to equal protection. He argued that there is no reasonable difference between the crime of second degree assault on a peace officer and the crimes of assault in the third degree and resisting arrest. The court denied the motion. He renews this argument on appeal.

Section 18–3–203(1)(c), C.R.S.1999, states that a person commits second degree assault on a peace officer if he intends to prevent a known police officer from performing his

duty and then intentionally causes bodily injury.

Section 18–3–204, C.R.S.1999, describing third degree assault, states:

A person commits the crime of assault in the third degree if he knowingly or recklessly causes bodily injury to another person. . . .

Finally, § 18–8–103, C.R.S.1999, states:

(1) A person commits resisting arrest if he knowingly prevents or attempts to prevent a peace officer, acting under color of his official authority, from effecting an arrest of the actor or another, by: (a) [u]sing or threatening to use physical force or violence against the peace officer or another. . . .

A plain reading of the statutes demonstrates that each has differences that are real in fact and reasonably related to the purposes of the legislative enactments. *See People v. Oliver, supra; People v. Mozee, supra* Conviction for second degree assault on a peace officer requires proof that the accused had the intent to prevent a police officer from performing a lawful duty. No such requirement exists for third degree assault, a lesser felony. Similarly, while second degree assault on a peace officer requires an accused to have intent to cause bodily harm, a conviction for resisting arrest requires only that an accused use or threaten to use physical force, regardless of mental culpability.

Further, second degree assault on a peace officer requires that an accused act with "intent" both in causing bodily injury to a person and in preventing a peace officer from performing a lawful duty. In contrast, the *mens rea* applied to causing bodily injury in third degree assault is "knowingly," a less serious form of mental culpability. Likewise, the crime of resisting arrest applies the lesser *mens rea* of "knowingly" to preventing or attempting to prevent a peace officer from effecting an arrest. *See Blehm v. People*, 817 P.2d 988 (Colo.1991); § 18–1–501, C.R.S. 1999.

The General Assembly could rationally perceive that these different crimes, each of which involves different elements and degrees of culpability, justify different penalties.

Accordingly, we find no error in the trial court's decision to deny defendant's motion to dismiss. *See People v. Oliver, supra; People v. Mozee, supra.*

Judgment affirmed.

Judge JONES and Judge ROTHENBERG concur.